JOSEPH EFFRON, as Executor of MORRIS EFFRON, Deceased, Claimant, v. STATE OF NEW YORK, Defendant. (Claim No. 31034.)

Court of Claims, August 5, 1953.

*Nathan M. Medwin* and *John W. Tabner* for claimant.

*Nathaniel L. Goldstein, Attorney-General* (*Donald C. Glenn* and *David V. Seaman* of counsel), for defendant.

LOUNSBERRY, P. J. The claim herein is based on breach of warranty and negligence on the part of the State of New York by reason of a sale by the New York State College of Agriculture

at Cornell University to Morris F. Effron, around November 8, 1950, of allegedly infected turkeys. A motion by the claimant, who is executor of the estate of Morris Effron, to examine before trial certain employees of said College of Agriculture is met by a cross motion by the State to dismiss the claim on the ground that Cornell University, not the State of New York, is liable for the acts of the College of Agriculture.

It is established that Cornell University itself is not a governmental agency and that it is, therefore, liable for its own torts (*Hamburger* v. *Cornell Univ.*, 184 App. Div. 403, affd. 226 N. Y. 625). Further, this court has held that the New York State College of Agriculture is operated by Cornell University rather than by the State of New York, even though it receives State funds and title to its physical properties is vested in the State, and that, therefore, an action for negligence on the part of an employee of the College of Agriculture will not lie against the State (*Green* v. *State of New York,* 107 Misc. 557). In a companion case (*Green* v. *Cornell Univ.*, 193 App. Div. 924, affd. 233 N. Y. 519) based on the same occurrence, it was held that Cornell University, rather than the State of New York, must answer for the negligence of the employee of the College of Agriculture.

Hence, unless there has since been some substantial change in the legal relationship existing between and among the State of New York, the College of Agriculture, and Cornell University, the State's motion to dismiss the claim must be granted on the authority of the foregoing cases.

The claimant contends that a substantial change in such relationship has occurred by reason of the creation of the State University of New York by article 8 (§§ 350–361) of the Education Law, effective July 1, 1948. This article denominates collectively the various State teachers colleges and other State-operated institutions of higher learning, and also the contract colleges, of which the New York State College of Agriculture is one, as the State University of New York, and sets up a board known as the State University Trustees, to provide overall central administration, supervision and coordination thereof.

We have examined the various sections of said article and also section 5712 of the Education Law, which provides specifically for the College of Agriculture at Cornell. Section 5712 is virtually unchanged from the form in which it existed prior to the creation of the State University, except that certain power and authority previously vested in the State Education Department have been vested in the State University Trustees. No actual

change in the relationship between the State and the College of Agriculture resulted.

A former separate section 5716 of the Education Law, dealing specifically with the appointment and salaries of staff members and employees of the College of Agriculture, was repealed upon the creation of the State University and the subject matter thereof was included in section 355-a of article 8, which, in general, vests the power of appointment of staff members and employees of the various institutions of the State University in the State University Trustees. Significantly, however, the separate authority of Cornell University to make such appointments for the College of Agriculture which formerly existed in section 5716, is continued by section 355-a, and subdivision 9 of said section further provides " Nothing in this section shall be construed to limit the powers heretofore conferred on Cornell University or Alfred University except as expressly provided for herein." Again we fail to find any substantial change in the relationship existing between the State and the College of Agriculture.

Neither do we find any such substantial change resulting from any other section of article 8. The provisions thereof with respect to the powers of the State University Trustees do not, in our opinion, when read in the light of the provisions of section 5712 as it existed prior to July 1, 1948, make any significant alteration in the arrangements previously in effect. So far as Cornell University and the College of Agriculture are concerned, it would appear that generally the State University Trustees are simply performing functions formerly performed by the State Education Department. Some exceptions to this generalization can be pointed out, and it may be that there has been some slight extension of State authority and control over the College of Agriculture, but we do not believe that it is sufficiently significant or substantial to change the conclusions already established by the cases above cited.

Hence, the claimant's motion for examination before trial must be denied and the State's motion to dismiss the claim must be granted.

Submit order accordingly.