Richard S. Heller, J.
This claim seeks recovery for conscious pain and suffering pursuant to sections 119 and 120 of the Decedent Estate Law and for wrongful death pursuant to section 130 of the Decedent Estate Law. On November 2,1955, the decedent, James 0. Mitchell, was employed as a laborer by the Ceravolo Construction Co., Inc., of Rome, New York. At that time the Ceravolo Construction Co., Inc., was engaged in work under a contract with the State University of New York acting for and in behalf of the State of New York for the construction of service connections consisting of sewer, water and gas lines for the Agricultural Engineering Building at the State University of Agriculture at Cornell University, Ithaca, New York.
As such employee, the decedent was working at the bottom of a trench about 16 feet deep and open for a total length of 50 to 75 feet. The trench was about three feet wide at the bottom and slightly wider at the top. There was no shoring or bracing of any kind. There was only one wooden ladder available for access to and egress from the entire open length of the trench.
*854 At about 9 o’clock on the morning of November 2, 1955, between 10 and 20 feet of one bank of this excavation caved in. The decedent was caught and completely buried in this cave-in. While the decedent was so entombed, he was heard to call the name of the superintendent of the job employed by the Ceravolo Construction Co., Inc.
It required approximately 10 minutes to uncover the decedent’s head and almost an hour to remove him from the cave-in. Upon his removal from the trench he appeared lifeless and was taken to the Tompkins County Memorial Hospital by ambulance where he was pronounced dead.
Claimant contends that the State failed to comply with section 241 of the Labor Law, that noncompliance gave rise to the injury here and the State is liable for such injury by reason of its noncompliance. Section 241 of the Labor Law so far as pertinent to this claim provides:
“ All contractors and owners, when constructing or demolishing buildings or doing any excavating in connection therewith, shall comply with the following requirements: * * *
1 ‘ 6. The board of standards and appeals may make rules to provide for the protection of workmen in connection with the excavation work for the construction of buildings, the work of constructing or demolishing buildings and structures, and the guarding of dangerous machinery used in connection therewith, and the owners and contractors for such work shall comply therewith.”
The Board of Standards and Appeals has promulgated Industrial Code-Buie No. 23 which is titled “ Buies Belating to the Protection of Persons Employed in the Erection, Bepair and Demolition of Buildings or Structures ”. The rule itself states that it is promulgated pursuant to sections 27-a, 28, 29, 200, 240, 241, 241-a and 242 of the Labor Law.
Bule 23-11.1 through 23-11.7 sets forth specific requirements concerning excavations. These requirements include shoring and bracing of trench excavations such as this and ready means of access to and egress from such excavations.
It is undisputed that there was a failure to comply with rule 23-11. There is no evidence that any precautions of any kind were taken to avoid or prevent a cave-in under conditions where a cave-in could reasonably be anticipated. The court finds that there was negligence in failing to use reasonable precautions to protect against cave-ins and in failing to comply with the statutory provisions of section 241 of the Labor Law and with rule 23 of the Industrial Code of the Board of Standards and Appeals resulting in the injuries for which recovery is sought here.
*855 There was negligence and a violation of a statutory duty resulting in injury but the State advances a number of theories which it contends establish that the State has no liability. Its first contention is that this court has no jurisdiction on the basis of Green v. State of New York (107 Misc. 557) and Effron v. State of New York (208 Misc. 608). These cases are cited for the proposition that this court has no jurisdiction of tort claims committed at the New York State College of Agriculture at Cornell University. Neither of the cases can be read for any such holding.
In Effron v. State of New York (supra) the claim was based on breach of warranty and negligence by reason of a sale by the New York State College of Agriculture of allegedly infected turkeys. The court dismissed the claim on the basis of Hamburger v. Cornell Univ. (184 App. Div. 403, affd. 226 N. Y. 625) and Green v. State of New York (107 Misc. 557, supra), holding that Cornell University itself is not a governmental agency and is therefore liable for its own torts. These cases would have application here only if the tort involved had been committed by Cornell University. If the State was an owner or contractor within the purview of section 241 of the Labor Law and section 241 is applicable to the State, then the State violated a primary nondelegable duty resulting in its liability.
In Weber v. State of New Yorh (53 N. Y. S. 2d 598) the claimant was a student at the New York State Agricultural and Technical Institute of Delhi working in a carpentry class under the supervision of the school instructors. A scaffold was erected between 19 and 21 feet from the ground without guardrails in violation of subdivision 1 of section 240 of the Labor Law. In its opinion the court stated (p. 600):
1 ‘ By the adoption of Section 8 of the Court of Claims Act, the state has subjected itself to the same rules of liability as an ordinary individual or corporation and it was therefore the duty of the state in this instance to comply with said provisions of the Labor Law. * * *
“ Section 240 of the Labor Law imposes upon the state an absolute duty to furnish safe scaffolding and the violation thereof creates liability as a matter of law.”
Section 241 imposes a primary nondelegable duty upon ‘ ‘ All contractors and owners, when constructing or demolishing buildings or doing any excavating in connection therewith ”.
This excavation was in connection with a building erected by the State of New York on land, record title to which was held by Cornell University. Section 5712 of the Education Law provides that “All buildings, furniture, apparatus and other *856 property heretofore or hereafter erected or furnished by the state ” for the New York State College of Agriculture “ shall be and remain the property of the state ’ \ The court finds that the State was an owner within the purview of section 241 of the Labor Law.
The State further contends that it has not violated any rule. It points out that throughout rule 23 there is no reference to owners but only to employers and employees. The statute itself however, makes rules promulgated by the Board of Standards and Appeals providing ‘ ‘ for the protection of workmen in connection with the excavation work for the construction of buildings, the work of constructing or demolishing buildings and structures, and the guarding of dangerous machinery used in connection therewith” applicable to “all contractors and owners ”.
Bule 23-11 was adopted for this purpose and was ‘ ‘ designed to supplement and effectuate the legislative policy enunciated ” in section 241. (Rufo v. Orlando, 309 N. Y. 345, 350.) The legislative purpose as set forth in section 241 and the effectuation thereof by rule 23 of the Industrial Code as promulgated by the Board of Standards and Appeals permits of no such narrow application as is contended for by the State. (Vallina v. Wright & Kremers, 7 A D 2d 101.)
In failing to comply with section 241 of the Labor Law and rule 23 of the Industrial Code promulgated pursuant thereto by not providing the required shoring and bracing and access, the State violated a primary nondelegable duty resulting in the injury complained of.
The decedent was born on March 30, 1888 and at the time of his death he was about 67 years, 7 months of age. He was survived by his widow, the claimant herein, who was 64 years of age at the time of death. All of decedent’s 12 living children were over 21 years of age and none of the children were living at home. There is no claim of contributions by the decedent to the support of the children. The decedent had been employed by the Ceravolo Construction Co., Inc., for about one month prior to his death at wages of $2.20 per hour.
On his income tax returns, decedent in the year 1952 reported wages of $3,158.88 and taxable income after deduction of a loss from a farm of $2,438.13. In 1953 he reported wages received of $3,850 with taxable income after deduction of loss of farm of $3,554. In 1954 he reported wages of $3,501 and taxable income after deduction of loss from a farm of $3,136.23. The bill of the funeral home was in the amount of $1,125.
*857 The court finds that the claimant is entitled to recover the sum of $3,500 pursuant to sections 119 and 120 of the Decedent Estate Law and the sum of $13,125 pursuant to section 130 of the Decedent Estate Law. The claim has not been assigned.
The administratrix was appointed on December 21, 1955. A. notice of intention to file a claim was filed on March 2, 1956 but the claim was not filed until October 31, 1957. Claimant is entitled to interest on the sum of $13,125 from November 2, 1955 to June 21, 1956 and from October 31, 1957 to the date of entry of judgment. (Decedent Estate-Law, § 132; Court of Claims Act, § 19; Dowly v. State of New York, 190 Misc. 16.)