In the Matter of STEWART HOLDEN, Respondent, v BOARD OF TRUSTEES OF CORNELL UNIVERSITY et al., Appellants.

Third Department, May 21, 1981

APPEARANCES OF COUNSEL

*White & Case (Laura B. Hoguet* of counsel), for appellants.

*Arthur B. Spitzer* for respondent.

### OPINION OF THE COURT

MIKOLL, J.

Cornell University, incorporated in 1865, is both a private university and a land grant college, having received the grant under the Morrill Act (US Code, tit 7, § 301 *et seq.)* passed by Congress in 1862. Its present charter is set out in the Education Law (§ 5701 *et seq.).* The Board of Trustees of the University (the Board) consists of 62 members. A variety of public interests must, by law, be represented on the Board which is responsible for the management of the university.

Included among the various colleges of the university are four "statutory" colleges which are administered by Cornell. They are public colleges and part of the State University system, yet are operated by Cornell (Education Law, §§ 5711-5715).

A member of the public, prior to the institution of this proceeding, sought and received an advisory opinion from the New York State Committee on Public Access to Records which determined that the Board was subject to the Open Meetings Law (Public Officers Law, § 95 *et seq.*) when its deliberations involved the statutory colleges. Petitioner, a student at Cornell Law School, then sought permission to attend meetings of the Board on several occasions but his requests were denied each time. He then commenced this CPLR article 78 proceeding. Special Term held that the Board acted as the representative of the State when it administered the statutory colleges and was, therefore, subject to the Open Meetings Law. This appeal ensued.[*]

At issue is the application and interpretation of certain sections of the Open Meetings Law (Public Officers Law, § 95 *et seq.*). Section 98 thereof provides: "(a) Every meeting of a public body shall be open to the general public, except that an executive session of such body may be called and business transacted thereat in accordance with section ninety-five of this article."

Section 97 of the law defines the terms "meeting" and "public body" as follows:

"1. 'Meeting' means the official convening of a public body for the purpose of conducting public business.

"2. 'Public body' means any entity, for which a quorum is required in order to conduct public business and which consists of two or more members, performing a governmental function for the state or for an agency or department thereof, or for a public corporation as defined in section sixty-six of the general construction law, or com-

---

[*] Respondents do not contest that portion of Special Term's decision which held that the Board's deliberations and actions relating to certain law enforcement functions entrusted to Cornell were also subject to the Open Meetings Law.

mittee or subcommittee or other similar body of such public body."

It is undisputed that the Board is a 62-member entity which can conduct business only when its quorum of 20 members is present. Respondents contend that the Board, when its meetings concern the four statutory colleges, is not a public body, does not conduct public business, and does not perform a governmental function within the meaning of section 97 of the Public Officers Law. Therefore, respondents maintain, the Board is not required to open its meetings to the public, nor comply with any of the other provisions of the law. We disagree.

Statutory colleges are defined in subdivision 3 of section 350 of the Education Law as: "Colleges furnishing higher education, *operated by private institutions on behalf of the state* pursuant to statute or contractual agreements". (Emphasis added.) Thus, those colleges differ from the "state-operated institutions" of the State University of New York (SUNY) system (see Education Law, § 350, subd 4).

Under the statutory scheme, Cornell is enjoined by law to act as the representative of the State University Trustees. Cornell maintains custody and control of the property, buildings, furniture, and other apparatus of the statutory colleges, but title to such remains with the State (Education Law, §§ 5711, 5712, 5714, 5715).

The SUNY Board of Trustees retains supervision of Cornell's operation of these colleges (Education Law, § 355, subd 1, par a), and Cornell must consult with the trustees about budgets and expenditures (Education Law, § 355, subd 1, par f). The SUNY Trustees must approve the Board's selection of deans of the statutory colleges and are consulted with respect to tuition rates. Cornell must report to the SUNY Trustees every year about the colleges' expenditures. The statutory colleges receive public moneys which must be kept in a separate fund and used only for the public colleges.

The close relationship between Cornell and the State and Cornell's dual role, as both a private and public institution, indicate that the Board is a public body as defined by section 97 of the Public Officers Law. The conclusion also must

be drawn that Cornell, as such public entity, conducts public business and performs a governmental function for the State or for an agency or department of the State. Cornell, in operating the statutory colleges, is involved in the day-to-day management of the colleges, setting tuition levels, determining spending priorities and numerous other activities which form a part of a college's existence. Indeed, the Board in administering the colleges, spends State moneys appropriated for these four colleges. Management of public moneys is public business.

The Board is the acknowlelged representative of SUNY which is a corporate agency within the State Education Department charged with carrying out certain governmental functions (Education Law, § 352). In its capacity as administrator, therefore, the Board performs a governmental function for the State Education Department and necessarily for the State.

The Open Meetings Law is to be given a broad and liberal construction so as to achieve the purposes for which it was enacted as evidenced by the legislative declaration contained in section 95 of the law *(Matter of Oneonta Star Div. of Ottaway Newspapers v Board of Trustees of Oneonta School Dist.*, 66 AD2d 51, 55).

The determination of the Committee on Public Access to Records was not relied upon by Special Term in reaching its decision. However, although deference to an agency's interpretation of its law is less necessary when the statute's interpretation requires no particular expertise *(Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 459), its advisory opinion should be credited when it is, as here, neither irrational nor unreasonable (see *Matter of Howard v Wyman*, 28 NY2d 434; *Matter of Sheehan v City of Binghamton*, 59 AD2d 808).

We hold that the Board is required to open its meetings to the public when its deliberations and actions concern the statutory colleges.

The judgment should be affirmed.

KANE, J. P., MAIN, YESAWICH, JR., and WEISS, JJ., concur.

Judgment affirmed, with costs.