OPINION OF THE COURT
Phillip R. Rumsey, J.
David A. Stoll, as attorney for James B. Maas, initiated this CPLR article 78 proceeding pursuant to New York State’s Freedom of Information Law (FOIL) (Public Officers Law § 84 et seq.).
Petitioner represents James B. Maas, a professor at Cornell University, in a pending action against Cornell University.
Petitioner, by letter dated January 25, 1996, made a FOIL request to respondent Cornell University (Cornell) for the following records: (1) any complaints brought under Cornell University’s current campus code of conduct, including any complaints made to a supervisor, department head or the judicial administrator pursuant to title 4, part IX, paragraph F, by or against any administrator, professor or student of any statutory college operated by Cornell pursuant to the New York Education Law; and (2) any documents, including any written findings relating to those complaints.
Cornell, through its Deputy University Counsel, denied the request on the sole ground that Cornell is a private university not subject to FOIL. Petitioner’s renewed request, stressing that the records sought were from the statutory colleges only, was again denied on the basis that FOIL does not apply to Cornell, notwithstanding its position as operator of the statutory colleges. In addition, Cornell asserted that FOIL is preempted by the Family Educational Rights and Privacy Act of 1974 (20 USC § 1232g [b]).
Cornell is a private institution established in 1865. Cornell consists of 18 academic units, including eight "endowed” graduate and undergraduate colleges, and four State-assisted "statutory” or "contract” colleges.
"Statutory or contract colleges” are "[cjolleges furnishing higher education, operated by independent institutions on behalf of the state pursuant to statute or contractual agreements.” (Education Law § 350 [3].)
The four State-assisted academic units of Cornell which it operates and administers are New York State College of Veterinary Medicine at Cornell University (Education Law § 5711); the New York State College of Agriculture and Life Sciences (Education Law § 5712); New York State College of *865 Human Ecology at Cornell University (Education Law § 5714); and New York State School of Industrial and Labor Relations at Cornell University (Education Law § 5715).
The statutory colleges are part of the State University of New York (SUNY) system (Education Law § 352 [3]).
Since SUNY is subject to FOIL and the contract colleges are operated by Cornell on behalf of the State, the petitioner argues that Cornell, as an agent of the State, is subject to FOIL, or that it holds records for the statutory colleges that are subject to FOIL.
Cornell vigorously disputes that it is a State "agency” within the meaning of FOIL or otherwise.
The pivotal issue is whether Cornell, concededly a private institution, in operating the statutory colleges or in producing/ holding records for these colleges generated under the Cornell campus code of conduct (Code) becomes subject to FOIL. Apparently, no court has ruled on this issue.
The purpose of FOIL, found in article 6 of the Public Officers Law, is to shed light on government decision making, which in turn both permits the electorate to make informed choices regarding governmental activities and facilitates exposure of waste, negligence and abuse (Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp., 87 NY2d 410).
"[A]ll agency records under FOIL are presumptively available for public inspection and copying, without regard to the status, need, good faith or purpose of the applicant requesting access” (Matter of Moore v Santucci, 151 AD2d 677).
Public Officers Law § 86 (3) defines "agency” as "any state or municipal department, board, bureau, division, commission, committee, public authority, public corporation, council, office or other governmental entity performing a governmental or proprietary function for the state or any one or more municipalities thereof, except the judiciary or the state legislature.”
In Encore (supra) the Court of Appeals held that "SUNY, a public university, clearly constitutes an 'agency,’ defined as 'any * * * governmental entity performing a governmental or proprietary function for the state’ ” (Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp., 87 NY2d 410, 417, supra).
While SUNY clearly comes within the statutory definition of an "agency”, Cornell, a private institution, is not embraced within the black-letter definition of the statute or necessarily within the analysis and holding of Encore (supra).
Cornell is an independent entity with which the State has contracted to operate these specific colleges. Since the statu *866 tory colleges are part of the SUNY system, it is not surprising or determinative of the issue herein that the statutory colleges are subject to the "general supervision” of the State University Trustees (Education Law § 355 [1] [a]; § 357). The relationship between SUNY and Cornell arises from the statute and the agreement of the parties. It is a unique relationship that may subject Cornell to certain State regulations but not to others.
In contracting out the operation of the statutory colleges, the responsibility for governing the colleges was placed with Cornell. The statutory colleges are managed under -Cornell’s practices, procedures and rules, not those of SUNY. The very records sought herein, if any, would be records mandated, produced and collected by Cornell pursuant to the Code. The Code deals with the conduct of the members of the university community and seeks to regulate the maintenance of public order, the educational environment, and responsible speech and expression; that is, all matters involved in academia and for which Cornell is responsible. In Encore (supra), the Court concluded that the information sought was "kept or held for a government agency” and was therefore "within the embrace of FOIL’S 'records.’ ” (Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp., 87 NY2d 410, 418.) To the contrary in this matter, records gathered under the Code are not "kept or held for a government agency”, but are kept for Cornell’s purposes.
Even with a liberal interpretation (Matter of Buffalo News v Buffalo Enter. Dev. Corp., 84 NY2d 488, 492), Cornell is not an agency within the meaning of FOIL nor are the records sought records of government.
In Matter of Holden v Board of Trustees (80 AD2d 378, 380) the Court recognized Cornell’s "dual role, as both a private and public institution” and for the purposes of the Open Meetings Law (Public Officers Law § 100 et seq.) found that Cornell’s Board of Trustees is a public body when it holds meetings on the operation of the statutory colleges. The Court stated that "[mjanagement of public moneys is public business.” (Supra, at 381.) Holden is not a template for the application of FOIL to Cornell or its records. Holden examined the application of a different statute with a different purpose and aimed at a different entity, a "public body”. The Court found that Cornell, in dealing with public moneys, was performing a governmental function, for the State. It was transacting public business. In this instance, by implementing the Code, Cornell performs functions (maintenance of discipline and educational policy) that are exclusively under its control for the purpose of keep *867 ing order in the university community. The functions performed are not proprietary or governmental functions performed for the State.
There is no authority by statute, case law, or the plain intent and design of FOIL that transforms Cornell into an agent or "alter ego” of SUNY when in the operation of the statutory colleges it implements its Code.
In summary, the court finds that for the purposes of FOIL, Cornell is not an agent of the State when it applies its Code in the operation of the statutory colleges, or when it maintains records under its Code related to the statutory colleges.
The petition is denied and dismissed.