[664 NYS2d 851]

In the Matter of DAVID A. STOLL, as Attorney for JAMES B. MAAS, Appellant, v NEW YORK STATE COLLEGE OF VETERINARY MEDICINE AT CORNELL UNIVERSITY et al., Respondents.

Third Department, December 4, 1997

## APPEARANCES OF COUNSEL

*David A. Stoll,* New York City, appellant *pro se,* and *Michael E. Rosman,* Washington, D.C., for David A. Stoll, appellant.

*James J. Mingle, Nelson E. Roth* and *Patricia A. McClary,* Ithaca, for respondents.

## OPINION OF THE COURT

CARPINELLO, J.

Petitioner is an attorney who represents James Maas, a tenured professor at respondent Cornell University disciplined for sexually harassing four female students. The central issue before this Court is whether Cornell should be compelled to comply with petitioner's Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]) request for documents concerning any complaints brought under Cornell's "Campus Code of Conduct" with respect to the four statutory colleges operated by it.* The request was denied on the ground that, as a private institution, Cornell is "not a governmental agency within the meaning of [FOIL]". Supreme Court dismissed the petition brought by petitioner pursuant to CPLR article 78 (170 Misc 2d 863), prompting this appeal. Mindful that provisions of FOIL are to be liberally construed so as to grant the public maximum access to governmental records (*see, e.g., Matter of Buffalo News v Buffalo Enter. Dev. Corp.,* 84 NY2d 488,

---

* Enacted in 1987, the Code of Conduct sets forth rules and regulations applicable to all persons and registered organizations on any campus of the University.

492; *Matter of Russo v Nassau County Community Coll.*, 81 NY2d 690, 697-698; *Matter of Capital Newspapers v Whalen*, 69 NY2d 246, 251-252), we find that Cornell, in its capacity as operator of four statutory colleges, is an agency within the meaning of Public Officers Law § 86 (3) and therefore subject to FOIL.

In addition to 14 academic units referred to as the "endowed colleges", Cornell operates respondents State College of Veterinary Medicine, State College of Agriculture and Life Sciences, State College of Human Ecology and State School of Industrial and Labor Relations (*see*, Education Law §§ 5711, 5712, 5714, 5715). Pursuant to Education Law § 350 (3), the statutory colleges are defined as "[c]olleges furnishing higher education, operated by independent institutions *on behalf of the [S]tate* pursuant to statute or contractual agreements" (emphasis supplied). Although the statutory colleges are expressly exempt from the definition of "State-operated institutions" (Education Law § 350 [4]), they are included within the definition of the State University of New York (hereinafter SUNY) (*see*, Education Law § 352 [3]).

With respect to the statutory colleges, Cornell's relationship with the State is clearly defined by statute. Pursuant to the statutory scheme, Cornell receives public moneys which are to be kept in a separate fund and used solely for the statutory colleges; Cornell is required by law to administer the colleges with these moneys as the representative of the SUNY Board of Trustees (*see*, Education Law § 5711 [2]; § 5712 [2]; § 5714 [3]; § 5715 [6]). Cornell is required to consult with the SUNY Board about financial matters and to submit an annual statement detailing the statutory colleges' expenditures and general operations (*see*, Education Law § 5711 [3], [4]; § 5712 [3], [4]; § 5714 [4], [5]; § 5715 [6]).

While Cornell maintains custody and control of all buildings and properties of the colleges, title to their buildings and properties remains with the State (*see*, Education Law § 5711 [2]; § 5712 [2]; § 5714 [3]; § 5715 [5]). Cornell operates the statutory colleges subject to SUNY Board supervision (*see*, Education Law § 355 [1] [a]; § 5711 [1], [3]; § 5712 [1], [3]; § 5714 [1], [4]; § 5715 [6]). The SUNY Board must approve the appointment of the statutory colleges' Deans (*see*, Education Law § 355 [1] [e]) and must be consulted with respect to tuition rates (*see*, Education Law § 5711 [5]; § 5712 [5]; § 5714 [6]; § 5715 [6]).

An "agency" for the purposes of FOIL is defined as "any * * * governmental entity performing a governmental or pro-

prietary function for the state" (Public Officers Law § 86 [3]). To this end, it is beyond cavil that SUNY is an agency within the meaning of FOIL (*see, Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N. Y.*, 87 NY2d 410). And, although not entirely dispositive, we note that Cornell, as an institution designated and authorized by law to act as an agent for the SUNY Board, is included in the definition of "State agency" under the State Finance Law (*see*, State Finance Law § 53-a [5] [b]). Moreover, with respect to the statutory colleges, this Court has unequivocally found that Cornell performs a governmental function for the State (*see, Matter of Holden v Board of Trustees of Cornell Univ.*, 80 AD2d 378). In the context of a claim that Cornell violated the Open Meetings Law (*see*, Public Officers Law art 7), when deliberations involving the statutory colleges were conducted by its Board of Trustees in private, this Court concluded that Cornell "conducts public business and performs a governmental function for the State or for an agency or department of the State" (*id.*, at 381).

Cornell claims that *Matter of Holden v Board of Trustees of Cornell Univ.* (*supra*) is "clearly inapposite" to the instant proceeding because it involved the interpretation and application of the Open Meetings Law, a statute separate from FOIL. According to Cornell, *Holden* provides guidance only with regard to the interpretation of the term "public body" as opposed to the term "agency". This argument is unpersuasive (*compare, Matter of American Socy. for Prevention of Cruelty to Animals v Board of Trustees of State Univ. of N. Y.*, 184 AD2d 508, *lv denied* 80 NY2d 757, *with Matter of American Socy. for Prevention of Cruelty to Animals v Board of Trustees of State Univ. of N. Y.*, 165 AD2d 561, *affd* 79 NY2d 927). Having previously found that Cornell performs a governmental function for the State and is thus a public body subject to the Open Meetings Law, it must also be concluded that it is an agency subject to FOIL (*see, id.*).

In support of its claim that it is not subject to rules, laws or regulations applicable to State agencies, particularly FOIL, Cornell also focuses heavily on what it defines as the "seamless" nature of the administration. For example, the statutory and endowed colleges operate under a unified academic structure and all students are subject to the same University rules and regulations and participate in the same housing, health and food services. Additionally, all faculty are considered Cornell employees with identical tenure tracks and/or procedures and the Code of Conduct is applied University-wide.

That Cornell has chosen to unite all of its 18 schools by implementing consistent administrative and academic policies in no way alters the nature of the relationship between Cornell and the State with respect to the statutory schools or in any way "privatizes" these statutory schools such that records pertaining to them are not subject to FOIL. As consistent as Cornell may be in all academic and administrative functions, the statutory colleges still remain within the SUNY system (*see*, Education Law § 352 [3]), continue to be operated by Cornell "on behalf of the [S]tate" (Education Law § 350 [3]; *see*, *Matter of Holden v Board of Trustees of Cornell Univ.*, *supra*) and are subject to SUNY Board of Trustees supervision (*see*, Education Law § 355 [1] [a]). Indeed, the "seamless" nature of Cornell is not mandated by the State. The State does mandate, however, that Cornell administer the maintenance of discipline and all other activities with respect to the statutory colleges (*see*, Education Law §§ 5711, 5712, 5714, 5715). Simply because Cornell has chosen to implement a Code of Conduct that is not unique to the statutory colleges, records of these colleges are not immunized from the public's reach under FOIL.

Cornell also argues that because the records petitioner seeks were generated and maintained for its own private purposes, they are not "government records subject to FOIL". It is beyond cavil that FOIL is not restricted to the purpose for which a document was produced or the function to which it relates (*see*, *Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. of State Univ. of N. Y.*, 87 NY2d 410, *supra*; *Matter of Russo v Nassau County Community Coll.*, 81 NY2d 690, 698, *supra*; *Matter of Westchester Rockland Newspapers v Kimball*, 50 NY2d 575, 581). Countenancing Cornell's argument in this regard would be in abrogation of the public policy purposes underlying FOIL (*see*, *id.*) and therefore we reject it. In short, the requested documents constitute records under FOIL (*see*, Public Officers Law § 86 [4]).

The parties' remaining arguments have been reviewed and found to be unpersuasive.

CARDONA, P. J., MIKOLL, CASEY and YESAWICH JR., JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, and matter remitted to the Supreme Court for consideration of the affirmative defenses raised by respondent Cornell University.