94 N.Y.2d 162 (1999)
723 N.E.2d 65
701 N.Y.S.2d 316
In the Matter of DAVID A. STOLL, as Attorney for JAMES B. MAAS, Respondent,
v.
NEW YORK STATE COLLEGE OF VETERINARY MEDICINE AT CORNELL UNIVERSITY et al., Appellants.
Court of Appeals of the State of New York.
Argued October 19, 1999.
Decided November 23, 1999.
*163 James J. Mingle, Ithaca, Nelson E. Roth, Michael G. Kimberly and Patricia A. McClary for appellants.
*164 David A. Stoll, New York City, pro se, and Center for Individual Rights, Washington D.C. (Michael E. Rosman of counsel), for respondent.
Judges BELLACOSA, LEVINE, CIPARICK and ROSENBLATT concur with Chief Judge KAYE; Judge SMITH dissents and votes to affirm in a separate opinion; Judge WESLEY taking no part.

OPINION OF THE COURT
Chief Judge KAYE.
Petitioner, David Stoll, is the attorney for James Maas, a Cornell University professor disciplined for having sexually harassed several female undergraduate students (see, Maas v Cornell Univ., 94 NY2d 87 [decided today]). Stoll filed a request *165 under the Freedom of Information Law (FOIL) seeking from Cornell any complaints brought under the University's Campus Code of Conduct, "including any complaints made to a supervisor, department head or the Judicial Administrator * * * by or against any administrator, professor or student of any statutory college operated by Cornell pursuant to the New York Education Law," and "any documents, including any written findings, relating to those complaints." The "statutory colleges" referred to in petitioner's request are respondents: the New York State College of Veterinary Medicine, the New York State College of Agriculture and Life Sciences, the New York State College of Human Ecology, and the New York State School of Industrial and Labor Relations (see, Education Law §§ 5711, 5712, 5714, 5715).
After respondents denied the request, petitioner brought the instant CPLR article 78 proceeding to compel production. Supreme Court rejected petitioner's request, ruling that respondents are not State agencies subject to FOIL. The Appellate Division reversed, reasoning that Cornell operated the statutory colleges on behalf of the State University of New York (SUNY), which is a State agency under FOIL; the statutory colleges were State agencies under the State Finance Law; they were subject to the Open Meetings Law; and the State supervises the statutory colleges, approves the appointment of Deans, must be consulted with respect to tuition rates and holds title to their buildings. The court therefore concluded that Cornell performed a governmental function and was subject to FOIL, and it remitted the matter to Supreme Court for consideration of respondents' affirmative defenses.
After respondents' motion for leave to appeal to this Court was dismissed as nonfinal, Supreme Court on remittal considered the affirmative defenses that the requested records were intra-agency documents and contained confidential information. The court ruled that respondents could redact "deliberative materials" and "identifying personal information" but that the records otherwise had to be produced. We granted respondents leave to appeal and now reverse.
The Freedom of Information Law requires that, with certain statutory exceptions, each "agency shall * * * make available for public inspection and copying all records" (Public Officers Law § 87 [2] [emphasis added]). FOIL defines an "agency" as:
"any state or municipal department, board, bureau, division, commission, committee, public authority, *166 public corporation, council, office or other governmental entity performing a governmental or proprietary function for the state or any one or more municipalities thereof, except the judiciary or the state legislature" (Public Officers Law § 86 [3]).
SUNY is an agency under FOIL (see, Matter of Citizens for Alternatives to Animal Labs v Board of Trustees, 92 NY2d 357, 360; see also, Matter of Russo v Nassau County Community Coll., 81 NY2d 690, 698). Whether Cornell's statutory colleges also qualify as agencies of the State for FOIL purposes is an open question.
Cornell is a private university incorporated under article 115 of the New York Education Law (see, Education Law § 5701 et seq.). The University has 18 academic units, including the four "statutory" or "contract" colleges. The Education Law defines "statutory or contract colleges" as colleges "furnishing higher education, operated by independent institutions on behalf of the state pursuant to statute or contractual agreements" (Education Law § 350 [3]). The colleges are unique, sui generis institutions created by statutepublic in some respects, private in others.[*] As statutory creatures, plainly their classification depends on the statutes that define them.
Several aspects of the administration of the colleges have been committed by the Legislature to Cornell's private discretion. Cornell, for example, is specifically charged with creating the academic curriculum, hiring faculty, maintaining discipline and formulating educational policies for the statutory colleges (Education Law § 5711 [2]; § 5712 [2]; § 5714 [3]; § 5715 [6]). The SUNY Board of Trustees does not have direct operational authority over the statutory colleges, as it does of SUNY generally (see, Education Law § 355). Also unlike SUNY, employees of the statutory colleges are not classified as members of the State civil service (see, Education Law § 355-a [1] [a]).
While the narrow question before us is an open one, the law is settled that, for a number of other purposes, the statutory colleges are not State agencies, including: tort law (see, Hamburger v Cornell Univ., 226 NY 625, affg on opn at 184 App Div 403; Effron v State of New York, 208 Misc 608 [Ct Cl], appeal dismissed 136 NYS2d 385 [3d Dept]; Green v State of New York, 107 Misc 557 [Ct Cl]; see also, Green v Cornell Univ., 233 NY 519); the regulation of the business activities of public officers *167 (Public Officers Law § 73 [1] [g]); and article 18 of the General Municipal Law, which regulates conflicts of interest (General Municipal Law § 810 [4]).
The statutory colleges are, however, subject to certain oversight by the SUNY Board of Trustees. They are funded with State money, which must be kept separate from Cornell's private funds (see, Education Law §§ 5711-5715). Cornell must submit an annual statement detailing the colleges' finances and must consult with the SUNY Board about financial matters, including tuition rates (see, Education Law § 5711 [3]-[5]; § 5712 [3]-[5]; § 5714 [4]-[6]; § 5715 [6]). Cornell selects the Deans of the statutory colleges, but the SUNY Board must approve the appointments (see, Education Law § 355 [1] [e]). And although Cornell maintains custody and control of the buildings and property used by the statutory colleges, title belongs to the State (see, Education Law § 5711 [2]; § 5712 [2]; § 5714 [3]; § 5715 [5]). In addition, the statutory colleges are technically part of the SUNY system (see, Education Law § 352 [3]); they are State agencies under section 53-a (5) (b) of the State Finance Law; their employees are eligible for the State University retirement system (see, Education Law § 390 [3]); and the Third Department has held that they are "public bodies" under the Open Meetings Law (see, Matter of Holden v Board of Trustees, 80 AD2d 378).
Given the hybrid statutory character of the colleges, we cannot agree with the dissent that they should be categorically deemed agencies of the State for the purposes at issue because of a compilation of factors on the State side of the column. Of equal significance is the list of statutory indicia that denote a private entity and function, not subject to any State direction or oversight. Nor does the general policy of liberal disclosure under FOIL (see, Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp., 87 NY2d 410, 416) answer the question before us. At issue is the threshold question whether the statutory colleges are subject to FOIL in the first place. This question cannot be answered by reference to broad classifications, but rather turns on the particular statutory character of these sui generis institutions.
The principle that resolves the particular quandary here is that the Legislature has chosen to vest Cornellthe private institutionwith discretion over the "maintenance of discipline" at the four statutory colleges (see, Education Law § 5711 [2]; § 5712 [2]; § 5714 [3]; § 5715 [6]). In this respect, there is no statutory provision for oversight by the SUNY *168 Trustees, or for any appeal to the SUNY Board. Consistent with that statutory mandate, Cornell has implemented a single system for administering discipline in the statutory colleges and in its private colleges. Indeed, as is manifest from petitioner's own FOIL request, there is a University-wide Campus Code of Conduct and a Judicial Administrator to whom all such complaints are directed. Thus, the disciplinary records of the statutory colleges and the private colleges are all held by the same private office of the University.
To be sure, whether a governmental agency must turn over a document under FOIL does not depend on "`the purpose for which the document was produced or the function to which it relates'" (Matter of Citizens for Alternatives to Animal Labs v Board of Trustees, supra, 92 NY2d, at 361, quoting Matter of Capital Newspapers v Whalen, 69 NY2d 246, 253). In Animal Labs, for example, we reasoned that a SUNY research facility did not lose its status as an "agency" merely because it was keeping Federally mandated records: the facility itself was fulfilling a State governmental function (see, 92 NY2d, at 360). Here, by contrast, the statutory colleges are a blend of specified private and governmental activities. Thus, unlike Animal Labs, the activity in issue becomes significant in defining whether the entity itself is, or is not, a State agency. Finally, in identifying Cornell's disciplinary system as private, the Legislature may well have had in mind the confidentiality of such proceedings and the potential for misuse of disciplinary records (see, Matter of Daily Gazette Co. v City of Schenectady, 93 NY2d 145, 158-159).
Finally, we underscore that, by this decision and analysis, we do not "rule that the entire administration of the statutory colleges is not subject to FOIL" (dissenting opn, at 169). We hold only that, given the unique statutory scheme applicable here, Cornell's disciplinary records are not subject to FOIL disclosure. Other, more public aspects of the statutory colleges may well be subject to FOIL, but we need not and do not reach such issues today.
Accordingly, the judgment of Supreme Court appealed from and the order of the Appellate Division brought up for review should be reversed, with costs, and the petition dismissed.
SMITH, J. (dissenting).
I dissent for the reasons given in the majority opinion at the Appellate Division (238 AD2d 38). I write only to emphasize the following points.
First, the Education Law grants to Cornell University the *169 administration of the four statutory colleges "as the representative of the state university trustees" (Education Law § 5711 [2]; § 5712 [2]; § 5714 [3]; § 5715 [6]). Specifically, Education Law § 5711 (2) refers to the New York State College of Veterinary Medicine and reads as follows:
"2. All buildings, furniture, apparatus and other property heretofore or hereafter erected or furnished by the state for such college of veterinary medicine shall be and remain the property of the state. The Cornell university shall have the custody and control of said property, and, as the representative of the state university trustees, shall, with whatever state moneys may be received for the purpose, administer the said college of veterinary medicine as to the establishment of courses of study, the creation of departments and positions, the determination of the number and salaries of members of the faculty and other employees thereof, the appointment and employment thereof, the maintenance of discipline and as to all matters, pertaining to its educational policies, activities and operations, including research work."
Similar provisions refer to the New York State College of Agriculture and Life Sciences (Education Law § 5712 [2]), the New York State College of Human Ecology (Education Law § 5714 [3]) and the New York State School of Industrial and Labor Relations (Education Law § 5715 [6]).
The disciplinary provisions are listed among other provisions which also give authority to Cornell as the representative of the State University Trustees. To rule that Cornell University is not subject to FOIL with respect to the discipline of professors is to rule that the entire administration of the statutory colleges is not subject to FOIL even though those colleges receive money from the State.
None of the cases cited by the majority as making the statutory colleges private for purposes of discipline involve the provisions of the Education Law which relate to the statutory colleges. Moreover, all of the cases are inapposite. In Hamburger v Cornell Univ. (226 NY 625), the plaintiff was injured while performing a required chemistry experiment in a class held by defendant Cornell University. In holding that the plaintiff's complaint stated facts sufficient to constitute a cause of action in negligence, the Court rejected Cornell University's defense *170 that it should be absolved from liability because it was administering a governmental function. In Green v Cornell Univ. (233 NY 519), this Court upheld a judgment in favor of the plaintiff, a passenger in an automobile, against Cornell University. The Court rejected Cornell's defense that the State was not liable because the automobile belonged to the College of Agriculture of Cornell. In Effron v State of New York (208 Misc 608), the Court of Claims held that Cornell University and not the State could be liable for breach of warranty which arose from the death of a person who had eaten infected turkeys purchased from the New York State College of Agriculture at Cornell University. Finally, in Green v State of New York (107 Misc 557), the Court of Claims held that the State was not liable for injuries resulting from the negligence of a chauffeur employed by the College of Agriculture at Cornell University. These cases are an insufficient reason to exempt Cornell from the FOIL request.
Judgment appealed from and order of the Appellate Division brought up for review reversed, etc.
NOTES
[*] The only other statutory college is the New York State College of Ceramics at Alfred University (see, Education Law § 6101 et seq.).