Smith, J.
(dissenting). I dissent for the reasons given in the majority opinion at the Appellate Division (238 AD2d 38). I write only to emphasize the following points.
First, the Education Law grants to Cornell University the *169 administration of the four statutory colleges “as the representative of the state university trustees” (Education Law § 5711 [2]; § 5712 [2]; § 5714 [3]; § 5715 [6]). Specifically, Education Law § 5711 (2) refers to the New York State College of Veterinary Medicine and reads as follows:
“2. All buildings, furniture, apparatus and other property heretofore or hereafter erected or furnished by the state for such college of veterinary medicine shall be and remain the property of the state. The Cornell university shall have the custody and control of said property, and, as the representative of the state university trustees, shall, with whatever state moneys may be received for the purpose, administer the said college of veterinary medicine as to the establishment of courses of study, the creation of departments and positions, the determination of the number and salaries of members of the faculty and other employees thereof, the appointment and employment thereof, the maintenance of discipline and as to all matters, pertaining to its educational policies, activities and operations, including research work.”
Similar provisions refer to the New York State College of Agriculture and Life Sciences (Education Law § 5712 [2]), the New York State College of Human Ecology (Education Law § 5714 [3]) and the New York State School of Industrial and Labor Relations (Education Law § 5715 [6]).
The disciplinary provisions are listed among other provisions which also give authority to Cornell as the representative of the State University Trustees. To rule that Cornell University is not subject to FOIL with respect to the discipline of professors is to rule that the entire administration of the statutory colleges is not subject to FOIL even though those colleges receive money from the State.
None of the cases cited by the majority as making the statutory colleges private for purposes of discipline involve the provisions of the Education Law which relate to the statutory colleges. Moreover, all of the cases are inapposite. In Hamburger v Cornell Univ. (226 NY 625), the plaintiff was injured while performing a required chemistry experiment in a class held by defendant Cornell University. In holding that the plaintiffs complaint stated facts sufficient to constitute a cause of action in negligence, the Court rejected Cornell University’s defense *170 that it should be absolved from liability because it was administering a governmental function. In Green v Cornell Univ. (233 NY 519), this Court upheld a judgment in favor of the plaintiff, a passenger in an automobile, against Cornell University. The Court rejected Cornell's defense that the State was not liable because the automobile belonged to the College of Agriculture of Cornell. In Effron v State of New York (208 Misc 608), the Court of Claims held that Cornell University and not the State could be liable for breach of warranty which arose from the death of a person who had eaten infected turkeys purchased from the New York State College of Agriculture at Cornell University. Finally, in Green v State of New York (107 Misc 557), the Court of Claims held that the State was not liable for injuries resulting from the negligence of a chauffeur employed by the College of Agriculture at Cornell University. These cases are an insufficient reason to exempt Cornell from the FOIL request.
Judges Bellacosa, Levine, Ciparick and Rosenblatt concur with Chief Judge Kaye; Judge Smith dissents and votes to affirm in a separate opinion; Judge Wesley taking no part.
Judgment appealed from and order of the Appellate Division brought up for review reversed, etc.