OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Appellants brought a proceeding under the Open Meetings Law (Public Officers Law §100
 
 et seq.)
 
 seeking access to meetings of the Laboratory Animals Use Committee (LAUC)
 
 *929
 
 of the State University of New York at Stony Brook. Supreme Court granted the petition but the Appellate Division reversed. We agree with the Appellate Division that the powers of the LAUC derive solely from Federal law (165 AD2d 561, 565-566), and for that reason alone — and passing on no other reason mentioned by the Appellate Division — conclude that the Committee is not a public body as defined in the Open Meetings Law.
 

 Federal law requires that each "research facility” form an Institutional Animal Committee (LAC),
 
 [1]
 
 which in general is responsible for approving experiments involving animals and inspecting facilities to assure compliance with humane-treatment standards
 
 (see,
 
 7 USC § 2143; 9 CFR 2.31). The law requires that the committee be comprised of at least three members, that a majority of members constitute a quorum, and that there be a quorum for all formal actions (7 USC § 2132 [m]; § 2143 [b] [1], [2]).
 

 Public Officers Law § 103 (a) provides that "[e]very meeting of a public body shall be open to the general public,” except for executive sessions
 
 (see,
 
 Public Officers Law § 105). A "public body,” in turn, is defined as
 

 "any entity, for which a quorum is required in order to conduct public business and which consists of two or more members, performing a governmental function for the
 
 state
 
 or for an agency or department thereof, or for a
 
 public corporation as defined in section sixty-six of the general construction law,
 
 or committee or subcommittee or other similar body of such public body.” (Public Officers Law § 102 [2]; emphasis added.)
 

 It is thus evident that the Open Meetings Law excludes Federal bodies from its ambit.
 

 The LAUC’s constituency, powers and functions derive solely from Federal law and regulations. Thus, even if it could be characterized as a governmental entity, it is at most a
 
 Federal
 
 body that is not covered under the Open Meetings Law.
 

 Appellants’ reliance on a regulation of the New York State
 
 *930
 
 Department of Health (10 NYCRR 55-1.4 [b])
 
 [2]
 
 is misplaced. That regulation does not grant the "animal care committee” formed thereunder any of the powers similar to an IAC that might render it a governmental body, and therefore the State regulation does not create an entity that is subject to the Open Meetings Law.
 

 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed, with costs, in a memorandum.
 

 [1]
 

 . LAUC is respondents’ name for its LAC. The LAC is alternatively referred to in Federal regulations as an Institutional Animal Care and Use Committee
 
 (see,
 
 9 CFR 2.31).
 

 [2]
 

 . The regulation provides that a "laboratory or institution shall have an animal care committee which shall be responsible for the review of the propriety of the procedures used and the scientific justification for the use of animals in experiments, tests, and investigations, including educational demonstrations.”