■ In the Matter of AMERICAN SOCIETY FOR THE PREVENTION OF CRUELTY TO ANIMALS et al., Respondents-Appellants, v BOARD OF TRUSTEES OF THE STATE UNIVERSITY OF NEW YORK et al., Appellants-Respondents.—In a proceeding pursuant to CPLR article 78 to review a determination of the Board of Trustees of the State University of New York, dated August 3, 1989, which denied the petitioners' request, *inter alia,* for access to unredacted records of the Laboratory Animal Users' Committee of the State University of New York at Stony Brook pursuant to the Freedom of Information Act (Public Officers Law § 84 *et seq.),* the appeal is from so much of a judgment of the Supreme Court, Suffolk County (Doyle, J.), entered June 29, 1990, as directed the appellants-respondents to furnish the petitioners with certain records, and the petitioners cross-appeal, as limited by their brief, from so much of the same judgment as permitted the appellants-respondents to redact stated portions of the records.

Ordered that the judgment is reversed insofar as appealed from, on the law, the provision thereof directing the appellant-respondent State University of New York at Stony Brook to furnish the petitioners with certain records is deleted, the determination is confirmed in its entirety, and the proceeding is dismissed on the merits; and it is further,

Ordered that the judgment is affirmed insofar as cross-appealed from; and it is further,

Ordered that the appellants-respondents are awarded one bill of costs.

In a prior proceeding pursuant to CPLR article 78, the petitioners sought access to the meetings of the Laboratory

Animal Users' Committee (hereinafter LAUC) of the appellant State University of New York at Stony Brook under New York's Open Meetings Law (Public Officers Law § 100 *et seq.*). On appeal, this court held that the LAUC is not a "public body" within the meaning of the Open Meetings Law since it is not performing a governmental function for the State of New York *(see, Matter of American Socy. for Prevention of Cruelty to Animals v Board of Trustees,* 165 AD2d 561). The Court of Appeals affirmed, holding that since the LAUC's "constituency, powers and functions derive solely from Federal law and regulations", it is at most a Federal body (79 NY2d 927).

In the instant proceeding, the petitioners seek access to the LAUC's records under New York's Freedom of Information Law (hereinafter FOIL) (Public Officers Law § 84 *et seq.*). However, the public disclosure provisions of FOIL, much like the public access provisions of the Open Meetings Law, are applicable only to State or municipal entities "performing a governmental or proprietary function for the state" (Public Officers Law § 86 [3]; *see,* Public Officers Law § 102 [2]). Since as it has already been decided that the LAUC is not such an entity, it must be concluded that it is not an "agency" subject to FOIL. Thompson, J. P., Bracken, Sullivan and Santucci, JJ., concur.