OPINION OF THE COURT
Joseph J. Dowd, J.
This is a CPLR article 78 proceeding commenced by the petitioners Citizens for Alternatives to Animal Labs, Inc. (CAAL), a not-for-profit animal welfare organization, and Elinor Molbegott, an attorney active in the animal protection movement, seeking judgment (1) annulling the final determination of respondent State University of New York (SUNY), SUNY’s Board of Trustees and certain named officers, dated December 12, 1994, which denied petitioners’ request for disclosure of records pertaining, inter alia, to the source of dogs and cats acquired by the SUNY Health Science Center at Brooklyn pursuant to the Freedom of Information Law (FOIL) (Public Officers Law § 84 et seq.); (2) directing respondents to provide petitioners with the requested documents pursuant to FOIL; and (3) awarding reasonable attorneys’ fees and other litigation costs petitioners incurred in bringing this proceeding.
The key issue presented for the court’s determination in this proceeding is whether documents kept by SUNY pursuant to Federal law and regulation constitute "records” subject to disclosure under FOIL. I conclude upon the strength of the recent Court of Appeals decision in Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. (87 NY2d 410) that the purpose for which the records sought originated is not relevant to the determination of whether such records are subject to disclosure under FOIL. Since SUNY is an agency subject to FOIL, I find that the documents SUNY maintains to comply with its obligation under Federal law constitute records that are presumptively discoverable under FOIL.
BACKGROUND
Petitioners’ FOIL request was precipitated by their concern that medical research programs that use animals in laboratory *212 experiments create a significant danger of animal abduction and subsequent sale to research facilities. The Federal Animal Welfare Act (the Act) (7 USC § 2131 et seq.) was enacted to guard against trafficking in stolen pets. Toward that end, its provisions regulate "random source dealers” who obtain dogs and cats from a wide variety of sources. A dealer may not sell, provide, or make available to any individual or entity a random source dog or cat unless the dealer provides the recipient, such as a research laboratory, with a certification indicating compliance with a five-day holding period, thereby enabling a pet owner to recover his or her missing animal, and a complete detailed description of the dog or cat and the name and address of the person, pound or shelter from which the dog or cat was purchased (7 USC § 2158). Pursuant to this Federal statute, the United States Secretary of Agriculture is authorized to promulgate enabling regulations (7 USC § 2158 [d]). Section 2.133 of 9 CFR enacted pursuant to the Act sets forth the detailed requirements that must be included in a certification for random source dogs and cats.
Petitioners contend that despite such Federal protection, unscrupulous dealers and thieves are circumventing the Federal laws and regulations and profitting from the trade in abducted animal companions. In order to ensure that respondent SUNY Health Science Center at Brooklyn is in compliance with the Act, petitioners by letter, dated September 29, 1994, submitted a FOIL request seeking disclosure of "[cjertifications required to be maintained by research institutions in accordance with section 2158 of the Animal Welfare Act and section 2.133 of the regulations promulgated pursuant to the Act, for each dog and cat acquired by the Health Science Center at Brooklyn during 1994.”
On November 2, 1994, the Record Access Officer for SUNY Health Science Center at Brooklyn denied petitioners’ FOIL request. Petitioners filed an administrative appeal. On December 12, 1994, respondent Patrick Hunt, the Associate Vice-Chancellor for SUNY, affirmed the denial finding that FOIL did not apply to the records sought as SUNY Health Science Center at Brooklyn in maintaining the subject records was performing a Federal, rather than a State, function. Having exhausted their administrative remedies, petitioners now seek in this CPLR article 78 proceeding, inter alia, a judgment annulling the December 12, 1994 determination. By order, dated July 25, 1995, the court denied respondents’ prejoinder motion to dismiss. Thereafter, respondents interposed an answer.
*213 DISCUSSION
In their answer, respondents again claim in defense of their denial of petitioners’ FOIL application that the records sought are maintained and compiled pursuant to Federal rather than State law and regulation and, hence, are not subject to disclosure pursuant to FOIL. I do not agree. Section 86 (4) of the New York Public Officers Law defines "record” for FOIL purposes as: "[A]ny information kept, held, filed, produced or reproduced by, with or for an agency or the state legislature, in any physical form whatsoever including, but not limited to, reports, statements, examinations, memoranda, opinions, folders, files, books, manuals, pamphlets, forms, papers, designs, drawings, maps, photos, letters, microfilms, computer tapes or discs, rules, regulations or codes.”
The Court of Appeals in its recent decision in Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp. (87 NY2d 410, supra), in which case SUNY was also a respondent, rejected SUNY’s argument that the term "record” within the meaning of FOIL be narrowly construed. In reaching its determination the Court held that in light of the expansive statutory definition of "record” in Public Officers Law § 86 (4) "the purpose for which a document originated or the function to which it relates” is entirely irrelevant and is not designed to restrict the catagories of documents subject to disclosure under FOIL (supra, at 417). Clearly, this holding reaffirms the principles and objectives underlying FOIL, to wit, to afford broad disclosure and achieve maximum public access to government documents (see, Russo v Nassau County Community Coll., 81 NY2d 690, 697-698). Moreover, in Encore Coll. Bookstores (supra) the Court of Appeals determined that SUNY constitutes an "agency’-’ as that term is used in FOIL. Even assuming, arguendo, that SUNY Health Science Center at Brooklyn must register with the Federal Government to demonstrate compliance with the Animal Welfare Act, it is not thereby rendered a Federal body. Such registration would simply assure that SUNY will perform its experiments consistent with, and keep records required by the Act (7 USC §§ 2131-2159). Thus, the records petitioner seeks fall within the FOIL definition of records that are presumptively discoverable. In reaching this conclusion, I reject respondents’ further argument that such records may only be disclosed to the United States Department of Agriculture. To so hold would undermine the legislative objective of FOIL to provide maximum disclosure of government documents.
*214 Respondents in urging this court to sustain the determination denying petitioners’ FOIL application principally rely on the decision of the Appellate Division, Second Department, in Matter of American Socy. for Prevention of Cruelty to Animals v Board of Trustees (184 AD2d 508) and a second decision bearing the same caption, to wit, Matter of American Socy. for Prevention of Cruelty to Animals v Board of Trustees (165 AD2d 561, affd 79 NY2d 927). Respondents’ reliance is misplaced. The former case concerned a FOIL request directed to the Laboratory Animal Users’ Committee (LAUC) of SUNY. The creation of that internal committee, its duties and composition were dictated entirely by Federal law. On that basis, the Court held that LAUC as a Federally created entity was not a "public body” or "governmental entity” of the State of New York subject to FOIL. That is not the case at bar where the FOIL request is directed to SUNY Health Science Center at Brooklyn, a State agency, and its duty to keep the records at issue simply derived from Federal law and regulation.
Similarly, in the latter case (Matter of American Socy. for Prevention of Cruelty to Animals v Board of Trustees, 79 NY2d 927, supra), concerning ASPCA’s application seeking access to LAUC’s meetings pursuant to New York’s Open Meetings Law (Public Officers Law § 100 et seq.), the Court held that as a Federal body LAUC was not covered under the Open Meetings Law. Conversely, at bar, respondents admit in their verified answer that "the State University of New York Health Science Center of Brooklyn is an integral part of SUNY created pursuant to Article 8 of the New York Education Law.” Unlike LAUC, therefore, its powers and functions derive from State rather than Federal law and its documents are within the purview of FOIL.
Based upon the foregoing discussion, I conclude that respondents have failed to rebut the presumption of public availability of the records in question (see, Matter of Farbman & Sons v New York City Health & Hosps. Corp., 62 NY2d 75, 80; Matter of Washington Post Co. v New York State Ins. Dept., 61 NY2d 557, 566). Moreover, respondents have not alleged, let alone demonstrated, that the materials petitioners seek fit within any of the statutory exemptions (Public Officers Law § 87 [2]). Accordingly, respondents’ determination denying disclosure is affected by an error of law (CPLR 7803 [3]; see, Matter of Scherbyn v Wayne-Finger Lakes Bd. of Coop. Educ. Servs., 77 NY2d 753, 757-758) and the requested materials must be produced.
*215 Turning then to that branch of the petition as seeks an award of attorneys’ fees pursuant to Public Officers Law § 89 (4) (c), the court finds that petitioners have failed to meet the two-pronged test set forth in that statute to merit such an award. Section 89 (4) (c) of the Public Officers Law provides that the court has discretion to assess reasonable attorneys’ fees and other litigation costs incurred by a prevailing party in a FOIL proceeding upon finding that: (1) "the record involved was, in fact, of clearly significant interest to the general public”; and (2) "the agency lacked a reasonable basis in law for withholding the record.” Petitioner has made an adequate demonstration that the records in question are of significant public interest. The public policy against abducting pets is reflected in Federal law and regulation (7 USC § 2158; 9 CFR 2.133). Moreover, "the humane treatment of animals may well constitute public business” (Matter of American Socy. for Prevention of Cruelty to Animals v Board of Trustees, 165 AD2d, supra, at 565). Hence, it is clear that in bringing this proceeding petitioners are furthering the public interest.
However, the second prong of the test has not been met. Although I have found the Appellate Division decision in Matter of American Socy. for Prevention of Cruelty to Animals v Board of Trustees (184 AD2d 508, supra) to be inapposite on its facts to the present proceeding, such decision provided at least an arguable basis for the denial of petitioners’ FOIL request.
In sum, the petition is granted to the extent that respondents’ determination, dated December 12, 1994, is annulled, and respondents are directed to provide petitioners with the requested documents in accordance with the provisions contained in 8 NYCRR part 311. That branch of the petition as sought attorneys’ fees and costs is denied.