■ In the Matter of CITIZENS FOR ALTERNATIVES TO ANIMAL LABS, INC., et al., Respondents, v BOARD OF TRUSTEES OF THE

STATE UNIVERSITY OF NEW YORK et al., Appellants. [658 NYS2d 653] —In a proceeding pursuant to CPLR article 78 to review a determination by the appellant Patrick Hunt dated December 12, 1994, affirming the decision by the appellant State University of New York Health Science Center at Brooklyn to deny access by the respondents to certain records under the Freedom of Information Law (Public Officers Law § 84 *et seq.*), the appeal is from (1) a decision of the Supreme Court, Kings County (Dowd, J.), dated April 30, 1996, and (2) so much of a judgment of the same court, dated June 6, 1996, as annulled the determination and directed the appellants "to provide petitioners with the documents requested in their original Freedom of Information Law (FOIL) request dated September 29, 1994, and in petitioners' appeal letter dated November 28, 1994, in accordance with the provision contained in 8 NYCRR 311".

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision *(see, Schicci v Green Constr. Corp.,* 100 AD2d 509); and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, those branches of the petition which sought a judgment annulling the determination denying the respondents access to certain records and requiring the appellants to make the records available to the respondents are denied, and the petition is dismissed; and it is further,

Ordered that the appellants are awarded one bill of costs.

In this proceeding the respondents seek access, under the Freedom of Information Law (Public Officers Law § 84 *et seq.)* (hereinafter FOIL) to records maintained by the appellant State University of New York Health Science Center at Brooklyn.

The records sought, however, are maintained pursuant to the mandate of Federal statute and regulation *(see,* 7 USC §§ 2140, 2158; 9 CFR 2.38 [k] [4]; 2.133). Further, the records are to be reviewed (1) by a Laboratory User's Animal Committee, which is an entity mandated by the Federal Animal Welfare Law (7 USC § 2131 *et seq.)* and which performs no governmental function for the State of New York or any agency or department thereof *(see, Matter of American Socy. for Prevention of Cruelty to Animals v Board of Trustees,* 165 AD2d 561, *affd* 79 NY2d 927), (2) by the Animal and Plant Health Inspection Service of the Department of Agriculture, and (3) by any funding Federal agency *(see,* 7 USC § 2143 [b]; 9 CFR 2.36 [f]).

Although the State University of New York clearly is an "agency" as that term is defined in Public Officers Law § 86 (3)

when it engages in its educational function *(see, Matter of Russo v Nassau County Community Coll.,* 81 NY2d 690, 698) we conclude that in maintaining the subject records pursuant to Federal mandate, and for Federal review, the State University of New York Health Science Center at Brooklyn is not "performing a governmental or proprietary function for the state", and for these purposes is not an "agency" subject to FOIL *(see, Matter of American Socy. for Prevention of Cruelty to Animals v Board of Trustees,* 184 AD2d 508). Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.