OPINION OF THE COURT
 

 Levine, J.
 

 At issue on this appeal is whether certain records kept pursuant to Federal law by a research facility of the State University of New York (SUNY) are subject to disclosure under the Freedom of Information Law (Public Officers Law art 6) (FOIL). SUNY conducts biomedical research using dogs and cats in its Health Science Center at Brooklyn (SUNY HSC-B). Under the Federal Animal Welfare Act (7 USC §§ 2131-2159), a dealer who provides a research facility such as SUNY HSC-B with a “random source” dog or cat must furnish the research facility with a certification which contains various data, including the name and address of the person, pound, or shelter from which the dog or cat was purchased or otherwise acquired by the dealer, and an assurance that such person or entity was notified that the acquired animal may be used for research or educational purposes (7 USC § 2158 [b]). The research facility must maintain the original certification for a period of at least one year, subject to Federal inspection (7 USC § 2158 [b] [3]).
 
 [1]
 
 
 *360
 
 One of the purposes of the Animal Welfare Act is to protect the owners of animals from the theft of their pets by preventing the sale or use of animals which have been stolen (7 USC §2131).
 

 Petitioners attempted to gain access to these certifications by making a request under FOIL. The Record Access Officer for SUNY HSC-B denied the request, and petitioners filed an administrative appeal. An Associate Vice-Chancellor of SUNY affirmed the denial. Petitioners then commenced the instant CPLR article 78 proceeding. Supreme Court granted the petition and directed respondents to provide the requested documents (169 Misc 2d 210). The Appellate Division reversed (240 AD2d 490). The Court held that SUNY HSC-B was not an “agency” under Public Officers Law § 86 (3) when it was maintaining the subject records pursuant to the Federal mandate, and for Federal inspection, because it was not “performing a governmental or proprietary function for the state”
 
 (see,
 
 Public Officers Law § 86 [3]). We granted petitioners leave to appeal, and now reverse.
 

 Under FOIL, an “agency” is “any * * * governmental entity performing a governmental or proprietary function for the state” (Public Officers Law § 86 [3]). A “record” is “any information kept, held, filed, produced or reproduced by, with or for an agency * * * in any physical form whatsoever” (Public Officers Law § 86 [4]). SUNY is an “agency” under FOIL
 
 (Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp.,
 
 87 NY2d 410, 417), and respondents concede that SUNY HSC-B is an integral part of SUNY. Furthermore, SUNY HSC-B is fulfilling SUNYs mission to provide educational services to the people of the State by “facilitating] basic and applied research for the purpose of the creation and dissemination of knowledge vital for continued human [and] scientific * * * advancement”
 
 (see,
 
 Education Law § 351 [c]).
 

 Nonetheless, the Appellate Division held that SUNY HSC-B was not an “agency” under FOIL when it maintained the random source certifications because it was doing so to satisfy a Federal mandate, in furtherance of one of the purposes underlying the Animal Welfare Act. Thus, the decision of the Court below necessarily turned on the
 
 purpose
 
 of maintaining the certifications and the
 
 function
 
 of keeping those records to comply with Federal law. Undeniably, however, the certifications were being kept in connection with the research conducted by SUNY HSC-B which, as already noted, was fulfilling SUNYs statutory mission, a State governmental function.
 

 
 *361
 
 Under these circumstances, the Appellate Division’s rationale for denying FOIL disclosure is inconsistent with our precedents, and with the legislative goal behind FOIL of liberal disclosure limited only by narrowly circumscribed specific statutory exemptions
 
 (see, Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp., 87
 
 NY2d, at 417, supra;
 
 Matter of Russo v Nassau County Community Coll.,
 
 81 NY2d 690, 697-698;
 
 Matter of Capital Newspapers v Whalen,
 
 69 NY2d 246, 252;
 
 Matter of Washington Post Co. v New York State Ins. Dept.,
 
 61 NY2d 557, 564;
 
 Matter of Westchester Rockland Newspapers v Kimball,
 
 50 NY2d 575, 580;
 
 Matter of Fink v Lefkowitz,
 
 47 NY2d 567, 571).
 

 Specifically, our precedents expressly reject any rationale for denying disclosure based upon the function or purpose for which an agency’s documents are generated or held. Thus, in
 
 Matter of Capital Newspapers v Whalen (supra),
 
 we disapproved the denial of disclosure of a former Albany Mayor’s personal papers in the possession of the City, noting that “respondents seek to read into the definitions of ‘record’ and ‘agency' a requirement that, for documents to be within FOIL’S scope, their subject matter must evince some governmental purpose” (69 NY2d, at 252-253). We held that “FOIL’S scope is not to be limited based on the purpose for which the document was produced or the function to which it relates”
 
 (id.,
 
 at 253 [internal quotations omitted]). Similarly, FOIL’s scope as applied to this case “is not to be limited based on ‘the [Federal] purpose’ ” for which the certifications were kept “or the function to which [they] relate[ ],” i.e., serving to comply with a Federal mandate
 
 (id.; see, Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp., supra,
 
 at 417;
 
 Matter of Russo v Nassau County Community Coll., supra,
 
 at 698;
 
 Matter of Westchester Rockland Newspapers v Kimball, supra,
 
 at 581).
 
 [2]
 

 Matter of American Socy. for Prevention of Cruelty to Animals v Board of Trustees
 
 (79 NY2d 927,
 
 supra),
 
 relied upon by the Appellate Division, is inapposite. There, the issue was public access under the State Open Meetings Law (Public Officers Law art 7) to the meetings of the Laboratory Animals Use Committee of another SUNY research facility experimenting with animals
 
 (see,
 
 n 1,
 
 supra).
 
 We held in
 
 American Socy. for Prevention of Cruelty to Animals
 
 that a LAUC was not a State
 
 *362
 
 “public body” whose deliberations were fully open to the public. Since the LAUC’s constituency, powers and functions derived solely from Federal law and regulations, the committee was a Federal body not covered under the Open Meetings Law
 
 (Matter of American Socy. for Prevention of Cruelty to Animals v Board of Trustees, supra,
 
 79 NY2d, at 929). By contrast, SUNY HSC-B is concededly part of SUNY (an “agency” under FOIL), performing SUNYs statutory research mission. Furthermore, that the LAUC is not a “public body” under the Open Meetings Law, as we have held, is not necessarily dispositive of whether a LAUC is an agency whose records are subject to FOIL
 
 (cf., Matter of American Socy. for Prevention of Cruelty to Animals v Board of Trustees,
 
 184 AD2d 508, 509,
 
 lv denied
 
 80 NY2d 757).
 

 Having determined that the certifications sought under FOIL are kept by an “agency,” we conclude that those records are subject to disclosure unless one of the specific exceptions set forth in Public Officers Law § 87 (2) is applicable
 
 (see, Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp.,
 
 87 NY2d, at 417, supra;
 
 Matter of Westchester Rockland Newspapers v Kimball,
 
 50 NY2d, at 580,
 
 supra).
 
 Respondents, however, have not preserved any claim of a specific statutory exemption for review by this Court.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of the Supreme Court reinstated.
 

 Chief Judge Kaye and Judges Bellacosa, Smith, Ciparick and Wesley concur.
 

 Order reversed, etc.
 

 [1]
 

 . Not involved in this case, section 2143 (b) of the Animal Welfare Act mandates the creation of a Laboratory Animals Use Committee (LAUC) for the purpose of inspecting all animal study areas and animal research facilities, as well as reviewing all practices involving potential pain to animals and impairment of their condition (see,
 
 Matter of American Socy. for Prevention of Cruelty to Animals v Board of Trustees,
 
 165 AD2d 561, 563,
 
 affd
 
 79 NY2d 927). The subject of the
 
 ASPCA
 
 case was access to the meetings of the LAUC under the State Open Meetings Law (Public Officers Law art 7). The records at issue here were not held by or for the LAUC.
 

 [2]
 

 . We do not reach the issue of whether the certifications sought to be disclosed were also required to be maintained pursuant to Public Health Law § 505-a, which was not raised by petitioners before Supreme Court or addressed by the Appellate Division.