■ In the Matter of MOHAWK BOOK COMPANY, LTD., Appellant, v STATE UNIVERSITY OF NEW YORK et al., Respondents. [732 NYS2d 272] —Lahtinen, J. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered June 9, 2000 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent State University of New York at Albany denying petitioner's requests for disclosure of records under the Freedom of Information Law.

Petitioner operates a bookstore under the name of Mary Jane Books which primarily sells textbooks to students at respondent State University of New York at Albany (hereinafter SUNYA). Petitioner attempts to compete with the only on-campus bookstore, which is operated by respondent Barnes & Noble College Bookstore, Inc. pursuant to a subcontract with the University Auxiliary Services at Albany, Inc. (hereinafter UAS). UAS is a not-for-profit corporation organized to provide various auxiliary services at the SUNYA campus so that the university may carry out its essential educational mission. At issue on this appeal is whether records, which list the author, title, edition, publisher, and/or ISBN of books, that the faculty will be requiring or recommending that their students purchase are subject to disclosure under the Freedom of Information Law (Public Officers Law art 6 [hereinafter FOIL]).

After informal attempts to acquire these records for the 1999 fall semester failed, petitioner obtained an advisory opinion from the Committee on Open Government (*see*, Public Officers Law § 89 [hereinafter the Committee]) that such booklists constitute records as defined by FOIL (*see*, Public Officers Law § 86 [4]) and should be made available. Armed with this advisory opinion, petitioner made a formal request in August 1999 under FOIL to obtain the 1999 fall semester booklist from SUNYA's Records Access Officer, respondent Stephen J. Beditz, and 38 SUNYA faculty members. Petitioner received only a few responses from faculty, and no response from Beditz. Petitioner made a new request for the 2000 spring semester booklist to Beditz and approximately 340 SUNYA faculty in December 1999 and, again, received no response from Beditz and responses from about 50 faculty. Treating SUNYA's failure to respond as a constructive denial of its requests, petitioner appealed to a Vice Chancellor of respondent State

University of New York who upheld the denial, finding that the requested information was "exempt from disclosure because its release would cause substantial injury to Barnes & Noble's competitive position" (*see*, Public Officers Law § 87 [2] [d]; *Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp.*, 87 NY2d 410).

Petitioner then commenced this CPLR article 78 proceeding to compel the State University of New York and SUNYA (hereinafter collectively referred to as respondents), *inter alia*, to comply with its prior and future FOIL requests. Barnes & Noble moved to intervene and, after Supreme Court granted that motion, it dismissed the petition finding no evidence that either SUNYA or its faculty members maintained booklists. Supreme Court also found that, even if the faculty maintained booklists of their own,[1] FOIL does not require SUNYA to collect them when it is otherwise not required to do so. Petitioner appeals from each and every part of Supreme Court's judgment[2] except that "portion thereof that requires individual SUNY[A] faculty members to comply with FOIL requests from petitioner if they possess records responsive to those requests."[3]

Initially, we agree with Supreme Court's finding that there is no evidence in this record that respondents maintained a central record of the requested information. However, there is proof that individual faculty members do keep booklists in that approximately 50 individual faculty members responded to petitioner's request to be supplied with these respective booklists for the spring 2000 semester. Moreover, we note that Beditz, as SUNYA's Records Access Officer (*see*, Public Officers Law § 87 [1] [b] [ii]), is mandated to make the requested records available for inspection if they exist and are determined to be subject to disclosure (*see*, Public Officers Law § 89 [3]; 21 NYCRR 1401.2 [b]; 8 NYCRR 311.1 [a], [b]). Accordingly, if the booklists kept by individual faculty members are FOIL records, Beditz must make them "available for inspection."

Turning to the crux of the issue before us, to the extent that SUNYA faculty members possess and maintain course syllabi

1. Supreme Court found that "there is nothing in the record to support petitioner's claim that the faculty keep a copy of the [Course Book Information forms] or any written record of the materials required for the courses."

2. Supreme Court's judgment also denied petitioner's request for relief brought on by order to show cause regarding respondents' reply to a FOIL request seeking communications between respondents and Barnes & Noble regarding financial contributions made by Barnes & Noble to SUNYA. Petitioner has abandoned this issue on appeal.

3. Respondents do not agree that the judgment appealed from provided such relief.

or written booklists, we find such information constitutes "records" as that term is defined under Public Officers Law § 86 (4), notwithstanding the fact that they are not centrally maintained or collected by SUNYA's administration. Such records are kept by the faculty members who are employees of SUNYA and assist in fulfilling respondents' educational mission by informing students of the material that they need to purchase for their course work (*compare, Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp.*, 87 NY2d 410, 417, *supra*; *Matter of Russo v Nassau County Community Coll.*, 81 NY2d 690, 699). Inasmuch as they are held by individual faculty members, they are "held * * * for an agency" (Public Officers Law § 86 [4]). That SUNYA does not require faculty to generate or maintain booklists is irrelevant for purposes of determining whether they are records under FOIL, as the statute has been interpreted as requiring only that the documents be held or kept by the agency (*see, Matter of Citizens for Alternatives to Animal Labs v Board of Trustees*, 92 NY2d 357, 362; *Matter of Capital Newspapers v Whalen*, 69 NY2d 246, 252-253).

Nor are we persuaded that such information is exempt from disclosure pursuant to Public Officers Law § 87 (2) (d) under the holding of *Matter of Encore Coll. Bookstores v Auxiliary Serv. Corp., supra*). Petitioner does not seek disclosure of Barnes & Noble's master list of the required course materials for all courses taught at SUNYA as did the petitioner in *Encore*. To the extent that petitioner may properly seek to obtain a list of individual faculty members' booklists, we find no statutory exemption applicable or anything in the holding in *Encore* which would prevent its disclosure even if the booklist that is in the possession of the faculty member happens to be on a form provided by Barnes & Noble. We agree with petitioner that the individual course booklists herein sought were prepared by faculty members and not Barnes & Noble and, therefore, are disclosable under FOIL. *Encore* is clearly distinguishable and not controlling on the facts presented here.

Consequently, having determined that the individual course booklists are disclosable under FOIL and that Beditz, as SUNYA's Records Access Officer, is required to make these records available for inspection, Supreme Court's determination dismissing the petition must be modified and the relief sought in the petition granted to the extent that SUNYA's Records Access Officer is directed to make such records available for inspection, upon proper future FOIL requests, as required by the applicable statute and regulations (*see*, Public Officers Law § 89 [3]; 21 NYCRR 1401.2 [b]; 8 NYCRR 311.1 [a], [b]). We

note that petitioner's requests for booklists for courses to be offered in the fall 1999 and spring 2000 semesters are academic as those semesters have now been completed.

Cardona, P. J., Mercure, Crew III and Peters, JJ., concur. Ordered that the judgment is modified, on the law, without costs, and petition granted to the extent that respondents State University of New York and State University of New York at Albany are directed to appropriately respond to petitioner's future requests for records regarding required course materials pursuant to the Freedom of Information Law; and, as so modified, affirmed.