OPINION OF THE COURT
 

 Smith, J.
 

 The issue here is whether a film and filmstrips used by a professor in a course given in a public college constitute "agency records” subject to Freedom of Information Law (FOIL) disclosure. We hold that the items sought are subject to disclosure under FOIL. Accordingly, we reverse the order of the Appellate Division.
 

 Respondent Nassau County Community College is chartered under Education Law article 126. Nassau County sponsors the
 
 *696
 
 institution which is also partially funded by special County appropriations. The College’s operations, however, are governed by its own Board of Trustees
 
 (see,
 
 Education Law §§ 6304, 6306, 6310).
 

 Petitioner, a Nassau County resident, requested that the College produce, for his inspection, a specified film and film strips used in a course entitled "Family Life and Human Sexuality” and listed as "PED 251.” Petitioner made several written requests for access to the course film entitled "Sexual Intercourse” pursuant to New York’s Freedom of Information Law (Public Officers Law §§ 84-90). Sean A. Fanelli, the president of the College, and the College attorney both denied petitioner’s requests, indicating that because the film sought was part of a course curriculum, it was not a "record” as contemplated by the Freedom of Information Law.
 

 Petitioner exchanged correspondence with Fanelli concerning Fanelli’s assertion that copyright difficulties constituted an additional reason for the College’s denial, apparently prompting petitioner to request copies of the contracts involved in the purchase of the film, filmstrips, and any other "sexually explicit” visual aids for the course. Petitioner subsequently limited his request to the opportunity to "inspect” the specified items. In addition to petitioner’s written requests to the College’s officials, petitioner, along with other individuals, attended public meetings of the institution’s Board of Trustees seeking permission to review the items, but to no avail.
 

 Fanelli denied petitioner’s subsequent appeals
 
 (see,
 
 Public Officers Law § 89 [4] [a] [delineating appeal procedures for persons denied access to records]) and referred the matter to the Committee on Open Government
 
 (see, id.,
 
 § 89 [1] [b] [ii] [requiring the committee to "furnish to any person advisory opinions or other appropriate information regarding (FOIL)”]). The executive director of the committee responded to petitioner by letter (dated Dec. 21, 1988) concluding that the PED 251 film, filmstrips and contracts were "records” for FOIL purposes, but that copyright restrictions barred respondents from allowing petitioner to view them.
 

 Petitioner commenced this CPLR article 78 proceeding
 
 (see,
 
 Public Officers Law § 89 [4] [b] [authorizing article 78 review for person denied disclosure after appeal]) seeking to compel respondents to grant him access to the PED 251 specified items. Supreme Court agreed with petitioner that the items constitute "agency records” under FOIL’S (Public Officers Law
 
 *697
 
 § 86 [4]) broad definition of the term and rejected respondents’ additional contentions that (1) the items were also protected from public disclosure because they were inter- and/or intraagency materials that were not final policy determinations pursuant to Public Officers Law § 87 (2), and (2) the release of the items would promote a "chilling effect” upon the College’s academic freedom in violation of respondent’s First Amendment rights. That court directed the College "forthwith to permit the petitioner to inspect the [items].” The Appellate Division reversed, declining to reach the intra/inter-agency/ final policy and constitutional issues. The Court held, as a matter of law, that the items requested did not constitute "agency records” within the meaning of FOIL. This Court granted leave to appeal and now reverses.
 

 The Legislature unequivocally set forth its policy regarding the purpose of the Freedom of Information Law. The Legislative Declaration (Public Officers Law § 84) states, in part, "The people’s right to know the process of governmental decision-making and to review the documents and statistics leading to determinations is basic to our society. Access to such information should not be thwarted by shrouding it with the cloak of secrecy or confidentiality.” In Governor Wilson’s Approval Memorandum to the FOIL bills, he stressed the view that open and accessible government is a hallmark of a free society, engendering public understanding and participation
 
 (see,
 
 Governor’s Mem approving L 1974, chs 578, 579, 580, 1974 NY Legis Ann, at 392). He further noted, "The bills that I am today approving expressly affirm these principles and the beliefs which I have long held — that government is the people’s business and that the people have a right to know the processes by which government decisions are made”
 
 (id.; see generally,
 
 Note, New York’s Freedom of Information Law, Disclosure Under the CPLR, and the Common-Law Privilege for Official Information: Conflict and Confusion Over “the People’s Right to Know”, 33 Syracuse L Rev 615 [1982]; Marino, The New York Freedom of Information Law, 43 Fordham L Rev 83 [1974-1975]).
 

 In
 
 Matter of Capital Newspapers v Whalen
 
 (69 NY2d 246), this Court noted the Legislature’s policy that "FOIL is to be liberally construed and its exemptions narrowly interpreted so that the public is granted maximum access to the records of government”
 
 (id.,
 
 at 252; Public Officers Law § 84;
 
 see also, Matter of Prisoners’ Legal Servs. v New York State Dept. of
 
 
 *698
 

 Correctional Servs.,
 
 73 NY2d 26;
 
 Matter of Washington Post Co. v New York State Ins. Dept.
 
 61 NY2d 557, 564;
 
 Matter of Fink v Lefkowitz,
 
 47 NY2d 567, 571). In
 
 Whalen,
 
 we held that the personal correspondence of a former Albany Mayor, commingled with official government documents and "kept” or "held” by a governmental entity, constituted "records” under FOIL. That the Mayor’s papers concerned matters of a personal nature did not change their public nature and susceptibility to FOIL. The focus of our inquiry under FOIL in that case, as here, was the underlying principle of granting "maximum access to the records of government”
 
 (Matter of Capital Newspapers v Whalen,
 
 69 NY2d 246, 252,
 
 supra).
 
 It is within the framework of this declared policy that we address the specific contentions before us.
 

 First, we reject the position of the intervenor-respondent Nassau Community College Federation of Teachers that the College is not an "agency” within the scope of FOIL when it engages in its educational function. Public Officers Law § 86 (3) defines an "agency” as "any * * * governmental entity performing a governmental or proprietary function.”
 
 [1]
 
 Intervenor claims that the doctrine of "academic abstention” and statutory construction compel the conclusion that the Legislature did not intend to "extend FOIL’S definition of an agency to a college’s faculty committees and academic components when they perform educational functions.” To the extent that intervenor’s argument is an invitation for us to delineate distinctions between the parameters of educational, proprietary and governmental functions, we decline to do so. We do hold that for the purposes of petitioner’s FOIL inquiry, this public College constitutes an "agency.” Nothing in the statute or legislative history requires a contrary holding, and the statutory language should be interpreted consistent with "its natural and most obvious” meaning
 
 (see,
 
 McKinney’s Cons Laws of NY, Book 1, Statutes § 94;
 
 Price v Price,
 
 69 NY2d 8, 15-17). Moreover, as we held in
 
 Matter of Westchester Rock-land Newspapers v Kimball
 
 (50 NY2d 575, 581), FOIL’S scope should not be restricted to "the purpose for which a document was produced or the function to which it relates”
 
 (see also,
 
 
 *699
 

 Matter of Capital Newspapers v Whalen,
 
 69 NY2d 246, 253,
 
 supra).
 

 Petitioner argues, and we hold only, that Public Officers Law § 86 (4) entitles him to the PED 251 films. The statute defines a "record” as:
 

 "any information kept, held, filed, produced or reproduced by, with or for an agency or the state legislature, in
 
 any physical form whatsoever
 
 including, but not limited to, reports, statements, examinations, memoranda, opinions, folders, files, books, manuals, pamphlets, forms, papers, designs, drawings, maps, photos, letters, microfilms, computer tapes or discs, rules, regulations or codes” (Public Officers Law § 86 [4] [emphasis supplied]).
 

 The breadth of the statutory language, in conjunction with the purpose of FOIL, compels us to hold that the items petitioner seeks to inspect — a film and filmstrips from a college-level course taught in a public college and provided by the college — undoubtedly fall within the scope of the Public Officers Law § 86 (4) definition. To hold otherwise would frustrate the goal of liberal disclosure under FOIL and employ an extremely restricted view of what constitutes a "record,” especially when applying settled principles of statutory construction (McKinney’s Cons Laws of NY, Book 1, Statutes § 94;
 
 see, Matter of Capital Newspapers v Whalen,
 
 69 NY2d 246, 251,
 
 supra; Price v Price,
 
 69 NY2d 8, 15-17,
 
 supra).
 

 Respondents contend that even if we hold that the definition of "record” under FOIL encompasses the specified items for PED 251, we should exclude them from public disclosure pursuant to the statute’s exemption for "inter-agency or intra-agency materials” (Public Officers Law § 87 [2] [g]).
 
 [2]
 
 While the term "inter-agency materials” is not defined under the FOIL statute, New York’s courts have construed this term to mean "deliberative material,” i.e., communications exchanged for discussion purposes not constituting final policy decisions
 
 (Matter of Xerox Corp. v Town of Webster,
 
 65 NY2d 131). Respondents contend that the classroom environ
 
 *700
 
 ment in which the films are used is one of "deliberation” — not "final determinations.” We disagree with respondents’ characterizations of the items. Recognizing that the College has used them in the course for years, there is no valid reason to hold that the items used do not constitute "final agency policy or determinations.” Although respondents argue that the classroom environment is one of "deliberation,” that in itself does not alter the status of the items used in the classroom. Respondents have not shown that the items petitioner seeks rest "squarely within the ambit of one of [the] statutory exemptions,” thereby justifying respondents’ refusal to disclose them to petitioner
 
 (Matter of Fink v Lefkowitz,
 
 47 NY2d 567, 571,
 
 supra).
 

 We have examined respondents’ and intervenors’ remaining contentions and find them to be without merit.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, and the petition granted in accordance with this opinion.
 

 Judges Simons, Titone, Hancock, Jr., and Bellacosa concur; Chief Judge Kaye and Judge Levine taking no part.
 

 Order reversed, etc.
 

 [1]
 

 . Public Officers Law § 86 ("Definitions”) states, in part: " 'Agency’ means any state or municipal department, board, bureau, division, commission, committee, public authority, public corporation, council, office or other governmental entity performing a governmental or proprietary function for the state or any one or more municipalities thereof, except the judiciary or the state legislature.”
 

 [2]
 

 . Subdivision (2) (g) (iii) of Public Officers Law § 87 ("Access to agency records”) states, in part: "Each agency shall, in accordance with its published rules, make available for public inspection and copying all records, except that such agency may deny access to records or portions thereof that * ** * (g) are inter-agency or intra-agency materials which are not * * * final agency policy or determinations”.