■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEO MARINO, Appellant. [623 NYS2d 252] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Fisher, J.), rendered July 2, 1992, convicting him of criminal possession of a weapon in the third degree, criminal possession of stolen property in the third degree, and unauthorized use of a vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of the branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, by reversing the conviction of criminal possession of a weapon in the third degree, vacating the sentence imposed thereon, and ordering a new trial on that count of the indictment; as so modified, the judgment is affirmed.

The defendant contends that the hearing court erred by denying his motion to suppress physical evidence that was recovered upon his arrest since the police were not justified in pursuing him. We disagree. The findings of the hearing court are to be accorded great deference and should not be set aside on appeal unless they are clearly erroneous *(see, People v Prochilo,* 41 NY2d 759). The hearing court credited the testimony of the arresting police officer that he observed a gun in the defendant's hand from 30 to 35 feet away, at night, in an area well lit by street lights, and that he had an unobstructed view of the defendant from his patrol car. Therefore, the

police were justified in pursuing the defendant when he fled in a motor vehicle *(see, People v Martinez,* 80 NY2d 444).

Contrary to the defendant's contention, we find that there is legally sufficient evidence to support his conviction of criminal possession of a weapon in the third degree. The trial court erred, however, when it denied the defendant's request, following its supplemental charge to the jury, for an instruction that the People had to prove that he had knowingly possessed a weapon *(see,* Penal Law § 265.02 [4]; *People v Ford,* 66 NY2d 428, 440; *People v Cohen,* 57 AD2d 790). A trial court must charge all of the elements of a crime that are not conceded by the defendant or his counsel, and the failure to do so is reversible error *(see, People v Flynn,* 79 NY2d 879). Here, neither the trial court's main charge nor its supplemental charge instructed the jury that the People had to prove that the defendant had knowingly possessed a weapon. Accordingly, the defendant's conviction of criminal possession of a weapon in the third degree is reversed, and a new trial is ordered on that count of the indictment.

We have reviewed the defendant's remaining contentions, including those raised in his supplemental *pro se* brief, and find them to be either unpreserved for appellate review *(see,* CPL 470.05 [2]) or without merit. O'Brien, J. P., Lawrence, Krausman and Florio, JJ., concur.