(January 18, 1996)

■ In the Matter of RICARDO DI ROSE, Appellant, v NEW YORK STATE DEPARTMENT OF CORRECTION, Respondent. [636 NYS2d 223] —Appeal from a judgment of the Supreme Court (Torraca, J.), entered June 7, 1994 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, *inter alia*, compel respondent to release certain documents requested under the Freedom of Information Law.

Petitioner, a prison inmate, was transferred from Elmira Correctional Facility in Chemung County to Clinton Correctional Facility in Clinton County after being designated a public risk. Thereafter, petitioner made a request under the Freedom of Information Law for unredacted copies of his transfer assessment forms. Respondent denied this request on the basis that the redacted material was evaluative in nature.

Petitioner then commenced this proceeding pursuant to CPLR article 78 seeking, *inter alia*, to compel respondent to release the redacted material. Supreme Court dismissed the petition after conducting an in camera review of the redacted material, finding, *inter alia*, that it fell within the exception to disclosure contained in Public Officers Law § 87 (2) (g). Petitioner contends, *inter alia*, that this was error. Having reviewed the redacted material, we agree with Supreme Court that it is encompassed by Public Officers Law § 87 (2) (g) and that, consequently, petitioner is not entitled to its disclosure (*see, Matter of Rowland D. v Scully*, 152 AD2d 570, *affd* 76 NY2d 725; *cf., Matter of Grune v New York State Dept. of Correctional Servs.*, 166 AD2d 834). We have considered petitioner's remaining claims, including that he was improperly designated a public risk, and find them to be without merit.

Mikoll, J. P., Crew III, Casey, Peters and Spain, JJ., concur. Ordered that the judgment is affirmed, without costs.