■ In the Matter of GREGORY MINGO, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [666 NYS2d 244] —Mercure, J. Appeal from a judgment of the Supreme Court (Carpinello, J.), entered June 3, 1996 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to disclose certain documents under the Freedom of Information Law.

Pursuant to the Freedom of Information Law (Public Officers Law art 6), petitioner, a prison inmate, requested respondent to provide certain documents and records pertaining to a for-

---

mer inmate, Paul Perry, who was apparently a prosecution witness in petitioner's 1982 murder trial. In response to petitioner's request, respondent furnished several documents, but, as is relevant to this appeal, refused to disclose two letters of recommendation contained in Perry's file. Respondent denied access to these letters on the ground that they were inter-agency materials which were not final agency policy or determinations and, therefore, exempt from disclosure (*see,* Public Officers Law § 87 [2] [g] [iii]). Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding to, *inter alia,* compel respondent to provide him with copies of the letters. After the letters were reviewed in camera, Supreme Court dismissed the petition, finding, *inter alia,* that they were predecisional interagency documents and therefore exempt from disclosure. Petitioner now appeals and we affirm.

Government records are presumptively open to the public unless they fall within one of the enumerated exemptions in Public Officers Law § 87 (2) (*see, Matter of Gould v New York City Police Dept.,* 89 NY2d 267, 274-275). Public Officers Law § 87 (2) (g) (iii) expressly exempts from disclosure those inter-agency materials which are not final agency policy or determinations. The term " 'inter-agency materials' " has been interpreted to mean deliberative materials or "communications exchanged for discussion purposes not constituting final policy decisions" (*Matter of Russo v Nassau County Community Coll.,* 81 NY2d 690, 699; *see, Matter of Xerox Corp. v Town of Webster,* 65 NY2d 131, 132). Predecisional material consisting of opinions and recommendations prepared by agency employees to assist agency decisionmakers in reaching a decision may also be exempt from disclosure under the Freedom of Information Act (*see, Matter of Xerox Corp. v Town of Webster, supra,* at 132).

We have conducted an in camera inspection of the letters at issue and conclude, as did Supreme Court, that they fall within the scope of the exemption for interagency predecisional material (*see,* Public Officers Law § 87 [2] [g] [iii]; *see generally, Matter of Di Rose v New York State Dept. of Correction,* 223 AD2d 878). Accordingly, the petition was properly dismissed. We reject as without merit petitioner's contention that he has a substantial liberty interest in obtaining the information he seeks.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the judgment is affirmed, without costs.