■ In the Matter of JOHN RAMAHLO, Appellant, v KENNETH R. BRUNO, as Rensselaer County District Attorney, Respon-

dent. [708 NYS2d 206] —Mercure, J. Appeal from a judgment of the Supreme Court (Ceresia, Jr., J.), entered June 4, 1999 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's request under the Freedom of Information Law.

In July 1993, a Rensselaer County jury found petitioner guilty of manslaughter in the second degree in connection with the 1991 death of his estranged wife, Pamela Ramahlo, by chloroform poisoning. Petitioner was sentenced to an indeterminate prison term of 5 to 15 years and is presently incarcerated. In May 1998, respondent sent a letter to the Division of Parole in connection with petitioner's then upcoming parole hearing. Petitioner was apparently denied parole and thereafter requested that respondent furnish him with a copy of the letter pursuant to the Freedom of Information Law (Public Officers Law art 6). Citing to Public Officers Law § 87 (2) (g), respondent refused the request. Following an unsuccessful appeal, petitioner brought this CPLR article 78 proceeding challenging respondent's determination. Supreme Court made an in camera inspection of the letter and concluded that it constituted an interagency communication protected from disclosure pursuant to Public Officers Law § 87 (2) (g) (iii). Petitioner appeals from the ensuing judgment dismissing the petition.

We affirm. Public Officers Law § 87 (2) (g) (iii) provides that: "[an] agency may deny access to records or portions thereof that * * * are inter-agency or intra-agency materials which are not * * * final agency policy or determinations." Courts have in turn defined interagency material as "deliberative materials or 'communications exchanged for discussion purposes not constituting final policy decisions' " (*Matter of Mingo v New York State Div. of Parole*, 244 AD2d 781, 782, quoting *Matter of Russo v Nassau County Community Coll.*, 81 NY2d 690, 699). Further, an in camera inspection of the requested material has been recognized as an appropriate method of determining whether the material falls within a specified exemption (*see generally, Matter of Mingo v New York State Div. of Parole, supra*, at 782).

In this case, the material sought by petitioner is a written communication between a District Attorney and the Division furnishing background information and setting forth factors the writer feels the Division should consider in deciding whether to release petitioner on parole. As a mere aid to the Division in reaching a final decision, it fits squarely within the statutory exemption. We therefore conclude that Supreme Court did not err in its determination to dismiss the petition.

Petitioner's remaining contention is found to be also unavailing.

Cardona, P. J., Graffeo, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.