[780 NYS2d 402]

In the Matter of NEWSDAY, INC., Respondent, v STATE DEPART-
MENT OF TRANSPORTATION, Appellant.

Third Department, July 1, 2004

APPEARANCES OF COUNSEL

*Eliot Spitzer, Attorney General,* Albany (*Robert M. Goldfarb* of counsel), for appellant.

*McNamee, Lochner, Titus & Williams P.C.,* Albany (*Stephanie S. Abrutyn* of The Tribune Company, New York City, of counsel), for respondent.

*Piper Rudnick L.L.P.,* New York City (*David B. Smallman* of counsel), for Daily News L.P. and others, amici curiae.

### OPINION OF THE COURT

MERCURE, J.

This proceeding challenges respondent's authority to deny a request made pursuant to the Freedom of Information Law (hereinafter FOIL; *see* Public Officers Law art 6) by petitioner's employee, a journalist, for a copy of certain lists and data that respondent is obligated to keep in compliance with the federal highway Hazard Elimination Program (*see* 23 USC § 152). Specifically, petitioner seeks respondent's priority investigation location and priority investigation intersection lists, which were compiled to identify hazardous intersections and highway locations in New York City and Long Island, as well as the schedule of projects proposed for improving the identified areas. Following an unsuccessful administrative appeal of respondent's denial of the request, petitioner commenced this CPLR article 78 proceeding seeking an order directing respondent to disclose the requested information and counsel fees. Supreme Court granted petitioner's application in part, directing that the records be disclosed, but denied the request for counsel fees. On respondent's appeal, we affirm.

Respondent argues that federal law renders the requested materials confidential and, consequently, exempt from FOIL disclosure under Public Officers Law § 87 (2) (a), which provides

that "[an] agency may deny access to records or portions thereof that . .,. are specifically exempted from disclosure by . . . federal statute." The federal statute upon which respondent relies, 23 USC § 409, is part of a larger program intended to help states identify dangerous highways and fund their improvement (*see Pierce County, Wash. v Guillen*, 537 US 129, 133 [2003]). The initiative requires states to perform and maintain engineering surveys of all public roads in order to locate any potential hazards (*see* 23 USC § 152 [a] [1]). Section 409 provides, in pertinent part:

> "[R]eports, surveys, schedules, lists, or data compiled or collected for the purpose of identifying, evaluating, or planning the safety enhancement of potential accident sites . . . shall not be subject to discovery or admitted into evidence *in a [f]ederal or [s]tate court proceeding or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data*" (23 USC § 409 [emphasis added]).

Respondent argues that this provision "specifically exempt[s] from disclosure" within the meaning of Public Officers Law § 87 (2) (a) the data at issue. We disagree.

Pursuant to FOIL, all agency records are presumptively open to the public absent a specific exemption from disclosure under Public Officers Law § 87 (2) (*see Matter of Fappiano v New York City Police Dept.*, 95 NY2d 738, 746 [2001]; *Matter of Beyah v Goord*, 309 AD2d 1049, 1049 [2003]). Inasmuch as the purposes of FOIL are to further a policy of governmental transparency and to protect the public's right to know, any exemptions must be interpreted narrowly, "imposing the burden upon the public agency to demonstrate that 'the material requested falls squarely within the ambit of one of these statutory exemptions' " (*Matter of Newsday, Inc. v Empire State Dev. Corp.*, 98 NY2d 359, 362 [2002] [citations omitted]; *see Matter of Sunset Energy Fleet v New York State Dept. of Envtl. Conservation*, 285 AD2d 865, 866-867 [2001]).

Congress enacted 23 USC § 409 in response to concerns by states that disclosure of their reports would expose them to greater liability for accidents occurring at the identified locations before improvements could be made and thereby chill their surveying efforts (*see Pierce County, Wash. v Guillen, supra* at 134). To further limit the use of such evidence in litigation,

Congress later amended section 409 to make it applicable to pretrial discovery as well (*see* Intermodal Surface Transportation Efficiency Act of 1991 § 1035 [a], Pub L 102-240, 105 US Stat 1914, 1978).* Despite this amendment, we are unpersuaded by respondent's argument that granting petitioner's FOIL request would impermissibly allow potential plaintiffs to circumvent the statute by gaining access to information they would not otherwise be able to obtain during discovery.

In determining whether 23 USC § 409 specifically exempts the lists from disclosure to petitioner, we first look to the words of the statute and give the language "its natural and most obvious meaning" (*Matter of Capital Newspapers, Div. of Hearst Corp. v Whalen*, 69 NY2d 246, 251 [1987]; *see* McKinney's Cons Laws of NY, Book 1, Statutes § 94; *Matter of Newsday, Inc. v Empire State Dev. Corp., supra* at 364). By its own terms, section 409 expressly limits the disclosure of data only in the context of an action for damages involving one of the identified locales. Where material is requested for a purpose other than litigation, 23 USC § 409 is not applicable. Thus, section 409 does not prohibit disclosure of priority intersection and highway location data where, as here, the information is sought by a newspaper that is not engaged in a court proceeding involving an accident occurring at a location mentioned in such data (*see Telegram Publ. Co. v Kansas Dept. of Transp.*, 275 Kan 779, 788-789, 69 P3d 578, 586 [2003]).

Had Congress intended to place this information beyond the reach of *all* FOIL requests, it could have done so explicitly as it has in other statutes (*see e.g.* 6 USC § 133 [a] [1] [A] [information "shall be exempt from disclosure" under the Freedom of Information Act (hereinafter FOIA)]; 7 USC § 1636 [b] [3] ["no facts or information obtained . . . shall be disclosed in accordance with [FOIA]"]; 15 USC § 4606 [a] [FOIA "shall not apply to information obtained by the [f]ederal [g]overnment on a confidential basis"]; 15 USC § 7215 [b] [5] [A]; 26 USC § 6103). While the absence of a specific reference in 23 USC § 409 to a FOIL request does not necessarily mean that Public Officers Law § 87 (2) (a) is inapplicable, respondent has failed to show clear legislative intent to establish and preserve the complete confidentiality of the information at issue. Given Congress's

---

* The statute was again amended by adding the phrase "or collected" after the word "compiled" in order to protect materials generated by the states as well as those collected to prepare section 152 documents (*see* National Highway System Designation Act of 1995 § 323, Pub L 104-59, 109 US Stat 568, 591).

measured response to courts' application of 23 USC § 409, it is clear that Congress intentionally limited disclosure of hazard elimination data only to the extent necessary to ensure its exclusion from court proceedings involving accidents that occurred at locations addressed in that data (*see generally Robertson v Union Pac. R.R. Co.*, 954 F2d 1433 [1992]).

Alternatively, respondent argues that to the extent that Public Officers Law article 6 requires disclosure of these lists, it is preempted by 23 USC § 409. Again, we disagree. Congress's intent to preempt state law may appear "(1) expressly in the language of the [f]ederal statute; (2) implicitly, when the [f]ederal legislation is so comprehensive in scope that it is inferable that Congress intended to fully occupy the 'field' of its subject matter; or (3) implicitly, when [s]tate law actually 'conflicts' with [f]ederal law" (*Drattel v Toyota Motor Corp.*, 92 NY2d 35, 42 [1998]). Clearly, the express language of section 409 does not preempt Public Officers Law article 6, and there is no indication that Congress intended to fully occupy the field of disclosure of priority intersection and highway location lists. Although a conflict may arise "when it is impossible to comply with both [f]ederal and [s]tate laws," or when state law stands as an obstacle to furthering Congress's purpose (*id.* at 42), it cannot be said that FOIL conflicts with section 409. Disclosure of the lists at issue pursuant to FOIL neither prevents compliance with section 409 nor stands as an obvious obstacle to Congress's purpose, which, by respondent's own description, "is to ensure diligent preparation and complete candor in section 152 documents by shielding the information from tort litigants, thereby furthering the ultimate objectives of superior highway improvement projects and greater highway safety" (*cf. Ex parte Alabama Dept. of Transp.*, 757 So 2d 371 [Ala 1999]; *Seaton v Johnson*, 898 SW2d 232 [Tenn 1995]; *Perkins v Ohio Dept. of Transp.*, 65 Ohio App 3d 487, 584 NE2d 794 [1989], *appeal dismissed* 57 Ohio St 3d 612, 566 NE2d 673 [1991]). Any seeming inconsistency in the statutory scheme which precludes access to such lists by litigants in discovery while declining to protect such information from FOIL requests is for Congress to resolve.

CARDONA, P.J., CARPINELLO and LAHTINEN, JJ., concur.

Ordered that the judgment is affirmed, without costs.