■ In the Matter of HASAUN GRIGGER, Respondent, v NEW YORK STATE DIVISION OF PAROLE, Appellant. [783 NYS2d 689]—

Spain, J. Appeal from that part of a judgment of the Supreme Court (Sheridan, J.), entered February 9, 2004 in Albany County, which partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, and directed respondent to expunge certain material from petitioner's institutional file.

In 1995, petitioner was convicted upon his guilty plea of manslaughter in the first degree and another crime, for which he was sentenced to 8 to 24 years' imprisonment. In connection with a June 2003 reappearance before the Board of Parole, petitioner sent a letter to respondent pursuant to the Freedom of Information Law (see Public Officers Law art 6) (hereinafter FOIL) requesting that it furnish him with a copy of the official statements of the sentencing judge and the Richmond County District Attorney which his inmate status report indicated had been received. Respondent refused the request and, following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding challenging respondent's determination.

Supreme Court made an in camera inspection of the letters and concluded that petitioner's file did not contain a statement from the sentencing judge but, rather, correspondence from nonjudicial staff of Supreme Court apprising respondent that the judge had retired. As this letter had been disclosed to petitioner, that aspect of the petition was moot. With regard to the 1996 letter from the District Attorney who prosecuted petitioner, Supreme Court ordered that it be expunged from his file. The court concluded that while it constituted an interagency communication protected from disclosure pursuant to Public Officers Law § 87 (2) (g), it purported to speak for the victim's family in contravention of Executive Law § 259-i (2) (c) (A). On respondent's appeal, we conclude that expungement is not warranted and modify that part of the judgment.

Under the FOIL exemption contained in Public Officer's Law § 87 (2) (g) (iii), "[an] agency may deny access to records or portions thereof that . . . are inter-agency or intra-agency materials which are not . . . final agency policy or determinations." Courts have previously interpreted "inter-agency materials" to

include "deliberative materials or 'communications exchanged for discussion purposes not constituting final policy decisions'" (*Matter of Mingo v New York State Div. of Parole*, 244 AD2d 781, 782 [1997], quoting *Matter of Russo v Nassau County Comm. Coll.*, 81 NY2d 690, 699 [1993]; *see Matter of Ramahlo v Bruno*, 273 AD2d 521, 522 [2000], *lv denied* 95 NY2d 767 [2000]). We have previously recognized that material such as that sought by petitioner—"a written communication between a District Attorney and [respondent] furnishing background information and setting forth factors the writer feels [respondent] should consider in deciding whether to release petitioner on parole" (*Matter of Ramahlo v Bruno, supra* at 522)—is "a mere aid to [respondent] in reaching a final decision, [which] fits squarely within the statutory exemption" (*id.* at 522). Upon our own in camera review of the District Attorney's 1996 letter in issue, we conclude that it falls precisely within the scope of the exemption for predecisional, nonfinal recommendations by employees of one agency to assist decision makers in another agency in reaching a decision (*see Matter of Mingo v New York State Div. of Parole, supra* at 782; *see also Matter of Xerox Corp. v Town of Webster*, 65 NY2d 131, 132-133 [1985]; *Matter of Morgan v New York State Dept. of Envtl. Conservation*, 9 AD3d 586, 587 [2004]; *Matter of Kaufman v New York State Dept. of Envtl. Conservation*, 289 AD2d 826, 827 [2001]; *Matter of Ramahlo v Bruno, supra* at 522; 92 NY Jur 2d, Records and Recording: Inter-Agency and Intra-Agency Materials § 47). Indeed, ensuring that persons in advisory roles, such as prosecutors, are able to express their opinions freely to agency decision makers such as respondent fulfills the purpose underlying this FOIL exemption (*see Matter of Xerox Corp. v Town of Webster, supra* at 132).

In ordering expungement, however, Supreme Court relied upon Executive Law § 259-i (2) (c) (A) (v), as amended in 1985, which requires that in making discretionary parole release decisions, certain factors be considered, including statements to the Board of Parole by the victim of the crime or their representative (*see* CPL 440.50). While that provision outlines information which *must* be considered in making a discretionary parole release decision, the list does not purport to define the exclusive universe of all information which *may* be considered. Also, while it specifically defines who qualifies as a crime victim's representative entitled to be heard, nothing in that statute expressly or impliedly precludes a District Attorney from including—in a letter of recommendation on an upcoming parole release matter—references to or advocacy on behalf of the crime victim(s) or their family(ies) (*see* Executive Law § 259-i [2] [c] [B] [reflecting

that aside from crime victims and their representatives, "other person(s)" may submit statements to the Board of Parole about an inmate's release, and their names and addresses must be kept confidential]). That is, when the Legislature conferred on crime victims and their representatives this right to be heard on parole release decisions, it did not curtail or eliminate the long-standing statutory right of District Attorneys to tender background information and factors to be considered as part of their recommendations on whether to release a petitioner on parole (*see* Executive Law § 259-i [1] [a]; [2] [c] [A] [where, as here, trial court sets minimum period of imprisonment, the Board of Parole must consider recommendation of the District Attorney]; *see also Matter of Williams v Board of Parole for N.Y. State*, 220 AD2d 753, 754 [1995]; *Matter of Walker v New York State Bd. of Parole*, 218 AD2d 891, 891 [1995]; *Matter of Walker v New York State Div. of Parole*, 203 AD2d 757, 758 [1994]; *Matter of Lynch v New York State Div. of Parole*, 82 AD2d 1012, 1013 [1981]). The dispositive inquiry is whether "there is a reasonable probability that, if such inmate is released, he [or she] will live and remain at liberty without violating the law, and that his [or her] release is not so incompatible with the welfare of society and will not so deprecate the seriousness of his [or her] crime as to undermine respect for law" (Executive Law § 259-i [2] [c] [A]), an inquiry on which District Attorneys often have firsthand, relevant insight and contributions.

Finding that the District Attorney's letter is exempt from FOIL disclosure and does not constitute a statement of the "crime victim or the victim's representative," no basis exists to order that it be expunged from petitioner's institutional file.

Cardona, P.J., Mercure, Crew III and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, without costs, by reversing so much thereof as partially granted petitioner's application; petition dismissed to that extent; and, as so modified, affirmed.