[833 NE2d 210, 800 NYS2d 67]

In the Matter of NEWSDAY, INC., Respondent, v STATE DEPART-
MENT OF TRANSPORTATION, Appellant.

Argued April 27, 2005; decided June 9, 2005

## POINTS OF COUNSEL

*Eliot Spitzer, Attorney General,* Albany (*Robert M. Goldfarb, Caitlin J. Halligan, Daniel Smirlock* and *Nancy A. Spiegel* of counsel), for appellant. I. Materials covered by 23 USC § 409 are exempt from Freedom of Information Law disclosure under Public Officers Law § 87 (2) (a). (*Matter of John P. v Whalen,* 54 NY2d 89; *Anonymous v Bureau of Professional Med. Conduct/ State Bd. for Professional Med. Conduct,* 2 NY3d 663; *Matter of Hanig v State of N.Y. Dept. of Motor Vehs.,* 79 NY2d 106; *Matter of Federation of N.Y. State Rifle & Pistol Clubs v New York City Police Dept.,* 73 NY2d 92; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns,* 67 NY2d 562; *Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75; *Matter of Daily Gazette Co. v City of Schenectady,* 93 NY2d 145; *Matter of Newsday, Inc. v Sise,* 71 NY2d 146, 486 US 1056; *Matter of Scott, Sardano & Pomeranz v Records Access Officer of City of Syracuse,* 65 NY2d 294; *Light v State of New York,* 149 Misc 2d 75.) II. To the extent that the Freedom of Information Law (FOIL) requires disclosure of the materials, 23 USC § 409 preempts FOIL because the state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress. (*Crosby v National Foreign Trade Council,* 530 US 363; *Gade v National Solid Wastes Mgt. Assn.,* 505 US 88; *Jones v Rath Packing Co.,* 430 US 519; *Michigan Canners & Freezers Assn., Inc. v Agricultural Mktg. & Bargaining Bd.,* 467 US 461; *Drattel v Toyota Motor Corp.,* 92 NY2d 35; *Shaw v Delta Air Lines, Inc.,* 463 US 85; *Savage v Jones,* 225 US 501; *Pierce County v Guillen,* 537 US 129; *California v Federal Energy Regulatory Commn.,* 495 US 490.)

*Stephanie S. Abrutyn,* New York City, and *McNamee, Lochner, Titus & Williams, P.C.,* Albany (*Michael J. Grygiel* and *William A. Hurst* of counsel), for respondent. I. The Appellate Division and Supreme Court correctly determined that 23 USC § 409 does not specifically exempt the intersection data from disclosure to Newsday under the Freedom of Information Law. (*Matter of Fink v Lefkowitz,* 47 NY2d 567; *Matter of Newsday, Inc. v Empire State Dev. Corp.,* 98 NY2d 359; *Matter of Capital Newspapers Div. of Hearst Corp. v Burns,* 67 NY2d 562; *Pierce County v Guillen,* 537 US 129; *Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75; *Matter of Daily Gazette Co. v City of Schenectady,* 93 NY2d 145; *Harrison*

*v Burlington N. R.R. Co.,* 965 F2d 155; *Bowman v Norfolk S. Ry. Co.,* 66 F3d 315; *Matter of John P. v Whalen,* 54 NY2d 89; *Anonymous v Bureau of Professional Med. Conduct/State Bd. for Professional Med. Conduct,* 2 NY3d 663.) II. 23 USC § 409 does not preempt New York's Freedom of Information Law. (*Anonymous v Bureau of Professional Med. Conduct/State Bd. for Professional Med. Conduct,* 2 NY3d 663; *Doe v Office of Professional Med. Conduct of N.Y. State Dept. of Health,* 81 NY2d 1050; *Matter of John P. v Whalen,* 54 NY2d 89; *Pierce County v Guillen,* 537 US 129; *Air Transp. Assn. of Am. v Professional Air Traffic Controllers Org.,* 667 F2d 316.)

*Michael A. Cardozo, Corporation Counsel,* New York City (*Stephen J. McGrath* and *Victoria Scalzo* of counsel), for City of New York, amicus curiae. I. The Appellate Division's interpretation of 23 USC § 409 and Public Officers Law § 87 (2) (a) would, as a practical matter, render section 409's statutory prohibition against disclosure meaningless. (*Taylor v St. Louis Southwestern Ry. Co.,* 746 F Supp 50; *Coniker v State of New York,* 181 Misc 2d 801; *Pierce County v Guillen,* 537 US 129; *Matter of John P. v Whalen* 54 NY2d 89; *Matter of M. Farbman & Sons v New York City Health & Hosps. Corp.,* 62 NY2d 75; *Matter of Prisoners' Legal Servs. of N.Y. v New York State Dept. of Correctional Servs.,* 73 NY2d 26; *Anonymous v Bureau of Professional Med. Conduct/State Bd. for Professional Med. Conduct,* 2 NY3d 663.) II. Assuming, arguendo, that the Freedom of Information Law (FOIL) requires disclosure of the materials, FOIL is preempted by 23 USC § 409 because the state law stands as an obstacle to the accomplishments and execution of the full purposes and objectives of the federal statute.

## OPINION OF THE COURT

R.S. SMITH, J.

We hold that 23 USC § 409, which provides that certain documents relating to traffic safety shall not be subject to discovery in lawsuits arising out of traffic accidents, does not exempt these documents from disclosure under the Freedom of Information Law (FOIL).

### Facts and Procedural History

A Newsday reporter submitted a FOIL request to the State Department of Transportation, asking for its "priority list of hazardous intersections and locations" for the Long Island and New York City regions, "which the Department of Transporta-

tion must maintain as part of the federally mandated Hazard Elimination Program." The Department rejected the request on the ground that these "federally-mandated safety analyses . . . are exempt from disclosure under Federal Law," specifically 23 USC § 409. After an internal Department appeal, Newsday brought this CPLR article 78 proceeding to compel disclosure. Supreme Court granted Newsday's petition, and the Appellate Division affirmed, as do we.

## Discussion

23 USC § 409 provides:

> "Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data compiled or collected for the purpose of identifying, evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144, and 152 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented using Federal-aid highway funds shall not be subject to discovery or admitted into evidence in a Federal or State court proceeding or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data."

FOIL provides that, with certain exceptions, "all records" of state agencies are subject to public disclosure (Public Officers Law § 87 [2]). One exception is that an agency need not disclose records that "are specifically exempted from disclosure by state or federal statute" (Public Officers Law § 87 [2] [a]). Thus the issue in this case is whether 23 USC § 409 provides such an exemption.

Section 409 was enacted in 1987, in response to a problem the United States Department of Transportation had encountered in administering several programs designed to encourage and fund highway improvements by the states. The federal programs subsidized improvements to the most dangerous sections of state roads; states seeking funding were required to submit lists of the sections deemed most dangerous. Some states, fearing the lists would be devastating weapons in the hands of personal-injury plaintiffs, were reluctant to provide them. To overcome this reluctance, Congress passed section 409 in its original form,

providing that the lists and similar documents "shall not be admitted into evidence . . . or considered for other purposes" in damages actions "arising from any occurrence at a location mentioned" (*see Pierce County v Guillen*, 537 US 129, 134 [2003]).

Cases decided under the original version of section 409 differed as to whether it prohibited only admission of the documents into evidence, or also barred pretrial discovery (*see id.* at 134-135). Congress resolved this issue in 1991 by amending section 409 to provide expressly that the materials shall not be "subject to discovery." Congress was evidently persuaded that even the prospect of discovery might deter states from gathering information about dangerous locations, since such information, once discovered, can be useful to tort plaintiffs even if it is inadmissible in evidence; it can be used as a guide in questioning witnesses, or in seeking other discovery.

Newsday argues that section 409 has no application here, since it prohibits only "discovery . . . in any action for damages" and says nothing about FOIL requests. The Department responds that if section 409 is not read to apply to FOIL requests its prohibition on discovery can be rendered meaningless, for a litigant seeking the documents need only substitute a FOIL request for a discovery demand. The Department's concern is legitimate, but we conclude that it does not warrant going beyond the clear words of section 409.

The premise of FOIL is "that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government" (*Matter of Fink v Lefkowitz*, 47 NY2d 567, 571 [1979]). This premise applies with full force to documents that show what the government is doing to make roads safer. The policy underlying section 409, to encourage states to collect information bearing on road safety, is important also, but Congress has not directed that the former policy give way entirely to the latter: section 409 does not say that lists of dangerous locations "shall be confidential," but only that they shall not be discoverable in certain litigations.

If the documents Newsday seeks here are disclosed to it, the protection offered by section 409 may be diminished, but it will not be eliminated. A tort plaintiff will not have access to the information except to the extent Newsday chooses to publish it. If the information is published, some tort plaintiffs may obtain the equivalent of discovery, but section 409 will continue to

exclude the documents from evidence. Congress evidently did not think that the possibility that some plaintiffs would indirectly obtain information justified requiring nondisclosure of the documents for all purposes. If it had wanted to achieve that result, it could have said so.

This is not a case in which a tort plaintiff is using a FOIL request to avoid section 409's prohibition on discovery. No one disputes that Newsday's purpose in making its FOIL request was simply to gather news. Where a FOIL request for materials subject to section 409 is made by a tort plaintiff, or by someone acting on such a plaintiff's behalf, perhaps denial of the request will be justified (*cf. Ex parte Alabama Dept. of Transp.*, 757 So 2d 371 [Ala 1999]; *Seaton v Johnson*, 898 SW2d 232 [Tenn 1995] [both relying on section 409 in rejecting attempts to invoke state freedom of information statutes on behalf of injured plaintiffs]). We see no need to decide that question before it comes up.

The Department argues that a restriction on discovery may imply an exemption from FOIL, relying on cases involving the confidentiality of records in physician disciplinary proceedings. Those cases are distinguishable. It is true that we have interpreted Public Health Law § 230, which says in subdivision (9) that records of a Committee on Professional Conduct shall be exempt from "disclosure under article thirty-one of the civil practice law and rules," as exempting the same records from FOIL (*Matter of John P. v Whalen*, 54 NY2d 89 [1981]). Section 230, however, is concerned with protecting the reputations and the privacy of physicians whose conduct is being scrutinized. Examining several of section 230's subdivisions, we found a "clear . . . legislative policy to protect the confidentiality of all records and proceedings of the State Board for Professional Medical Conduct and of a Committee on Professional Conduct in relation to a disciplinary inquiry or proceeding" (*id.* at 97). Section 409 has a narrower purpose; it is designed to prevent the use of certain documents to obtain an advantage in litigation against the State. We see no justification for finding in section 409 the same broad requirement of confidentiality we found in the Public Health Law.

We thus hold that section 409 does not render the documents sought by Newsday in this case exempt from disclosure under FOIL. Our holding agrees with that of the Supreme Court of Kansas, applying that state's Open Records Act (*Telegram Publ. Co., Inc. v Kansas Dept. of Transp.*, 275 Kan 779, 69 P3d 578

[2003]). To the extent that the reasoning in the Alabama and Tennessee decisions cited above goes beyond the facts of those cases, and suggests that state freedom of information statutes may never be applied to documents within the scope of section 409, we respectfully disagree.

Accordingly, the order of the Appellate Division should be affirmed, with costs.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSENBLATT, GRAFFEO and READ concur.

Order affirmed, with costs.