■ In the Matter of EDWARD A. STEIN, Respondent-Appellant, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION, Appellant-Respondent. [807 NYS2d 208]—

Rose, J. Cross appeals from a judgment of the Supreme Court

(Malone, Jr., J.), entered April 29, 2005 in Albany County, which, inter alia, partially granted petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request.

Pursuant to the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]), petitioner requested that respondent permit inspection and copying of certain records relating to a road construction project in Rockland County. Respondent denied this request as well as petitioner's subsequent administrative appeal. When petitioner commenced this proceeding seeking FOIL disclosure of the requested documents, respondent voluntarily agreed to provide six boxes and several loose files of materials, and submitted the balance of the records which it claimed were responsive, yet exempt interagency and intraagency materials, to Supreme Court for in camera review (*see* Public Officers Law § 87 [2] [g] [iii]). The court found that most of the submitted documents were exempt, but ordered FOIL disclosure of numerous unreviewed letters and e-mails on the ground that respondent had failed to meet its burden to prove that those documents were exempt. Petitioner and respondent cross-appeal.

Under Public Officers Law § 87 (2), all agency records are open to the public unless specifically exempted by statute (*see Matter of Fappiano v New York City Police Dept.*, 95 NY2d 738, 746 [2001]; *Matter of Newsday, Inc. v State Dept. of Transp.*, 10 AD3d 201, 203 [2004], *affd* 5 NY3d 84 [2005]). Such statutory exemptions are to be narrowly construed and the agency has the burden of demonstrating that they squarely apply (*see Matter of Capital Newspapers Div. of Hearst Corp. v Burns*, 67 NY2d 562, 566 [1986]; *Matter of Hassig v New York State Dept. of Health*, 294 AD2d 781, 782 [2002], *lv denied* 99 NY2d 502 [2002]). The exemption for "inter-agency or intra-agency materials" in Public Officers Law § 87 (2) (g) (iii) has been construed to include "deliberative materials or 'communications exchanged for discussion purposes not constituting final policy decisions' " (*Matter of Mingo v New York State Div. of Parole*, 244 AD2d 781, 782 [1997], quoting *Matter of Russo v Nassau County Community Coll.*, 81 NY2d 690, 699 [1993]; *see Matter of Xerox Corp. v Town of Webster*, 65 NY2d 131, 132 [1985]).

Upon review of the records submitted for in camera review here, we agree that the documents withheld by Supreme Court fall within the exemption for predecisional, nonfinal discussion and recommendations by employees within and among agencies to assist decision makers in formulating a policy or determina-

tion (*see Matter of Xerox Corp. v Town of Webster, supra* at 132-133; *Matter of Morgan v New York State Dept. of Envtl. Conservation,* 9 AD3d 586, 587 [2004]; *Matter of Mingo v New York State Div. of Parole, supra* at 782). We also agree with Supreme Court that respondent reasonably complied with two of petitioner's requests seeking all records that refer to the project's design and pertain to any claims made by contractors on the project. Given respondent's plausible explanation of its difficulty interpreting the wording of these requests and petitioner's flat refusal to provide any clarification, we are satisfied that the descriptions were insufficient and the limited disclosure made in response to these requests was justified (*see* Public Officers Law § 89 [3]; *Matter of Konigsberg v Coughlin,* 68 NY2d 245, 249 [1986]).

Finally, respondent contends that Supreme Court's determination to permit disclosure of 283 pieces of indexed correspondence and a single folder containing over 500 unindexed e-mails was improper. Specifically, respondent argues that petitioner's request was overbroad and not reasonably described because the task of determining whether the subjects of these items of correspondence match petitioner's request would require a review of each document. We cannot agree. Inasmuch as petitioner's request clearly described the subject matter of the materials sought, the administrative burden of reviewing this correspondence for relevance fails to establish that the request is insufficiently descriptive (*see Matter of Konigsberg v Coughlin, supra* at 250-251; *Matter of Ruberti, Girvin & Ferlazzo v New York State Div. of State Police,* 218 AD2d 494, 499 [1996]). Having declined to review these locatable materials and failed to demonstrate that they were exempt, respondent was properly directed to produce them for inspection and copying.

Crew III, J.P., Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.