■ In the Matter of LEO A. MARINO, Appellant, v GEORGE E. PATAKI, as Governor of the State of New York, Respondent. [867 NYS2d 219]—

Peters, J.P. Appeal from a judgment of the Supreme Court (Sackett, J.), entered August 22, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of respondent denying petitioner's Freedom of Information Law request.

Petitioner, an inmate at Collins Correctional Facility in Erie County, filed a request under the Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]) for any and all records concerning his prior criminal case (*People v Marino*, 212 AD2d 735 [1995], *lvs denied* 85 NY2d 976 [1995], 86 NY2d

797 [1995]), which were in the possession of respondent's office in connection with his clemency application. Respondent's Records Access Officer thereafter informed petitioner that, after a review of the records, respondent's office did not possess or maintain any documents responsive to his FOIL request. Upon petitioner's administrative appeal of that determination, respondent's Records Appeal Officer advised petitioner that, since the initial determination, 14 pages of responsive documents had been located—which consisted of petitioner's presentence investigation report, his "rap sheet" and a one-page printout containing handwritten notes—but that such documents were protected from disclosure under Public Officers Law § 87. Petitioner subsequently commenced the instant CPLR article 78 proceeding challenging the denial. After an in camera review of the documents, Supreme Court found that they were exempt from disclosure and dismissed the petition. This appeal ensued.

Initially, we note that during the pendency of this appeal, the Attorney General has advised this Court that, upon further review, he determined to disclose to petitioner his previously denied three-page "rap sheet." Inasmuch as petitioner has been provided a copy of this document, his challenges to the denial of such disclosure have been rendered moot (*see Matter of Ramos v New York State Div. of Parole*, 2 AD3d 936, 937 [2003]).

As for petitioner's presentence investigation report, petitioner stated in both his affidavit in opposition to respondent's answer and his brief on appeal that he did not request this document as part of his FOIL request; rather, he sought "only the criminal records relating to [his] criminal case." In short, petitioner seeks disclosure of the documents used to compile the presentence investigation report, rather than the report itself. However, petitioner failed to articulate a factual basis to support his contention that those requested documents were within respondent's control (*see Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 279 [1996]; *Matter of Di Rose v City of Binghamton Police Dept.*, 225 AD2d 959, 960 [1996]).

Lastly, upon our in camera review of the one-page printout containing handwritten notes, we agree with Supreme Court's conclusion that it constituted an interagency communication protected from disclosure under Public Officers Law § 87 (2) (g) (iii). "Pursuant to FOIL, government records are presumptively available to the public unless they are statutorily exempted by Public Officers Law § 87 (2)" (*Matter of Edwards v New York State Police*, 44 AD3d 1216, 1216 [2007] [citations omitted]). The exemption for " ' "inter-agency materials" ' " has been

interpreted to mean deliberative materials or 'communications exchanged for discussion purposes not constituting final policy decisions' " (*Matter of Mingo v New York State Div. of Parole*, 244 AD2d 781, 782 [1997], quoting *Matter of Russo v Nassau County Community Coll.*, 81 NY2d 690, 699 [1993]; *see Matter of Xerox Corp. v Town of Webster*, 65 NY2d 131, 132 [1985]). The one-page document at issue contains background information, specified factors and handwritten notes provided to assist respondent in deciding whether to grant petitioner's clemency application. As this document is "a mere aid to [respondent] in reaching a final decision, it fits squarely within the statutory exemption" for predecisonal, deliberative interagency material provided by employees of one agency to assist a decision maker in another agency in reaching a determination (*Matter of Ramahlo v Bruno*, 273 AD2d 521, 522 [2000], *lv denied* 95 NY2d 767 [2000]; *see Matter of Grigger v New York State Div. of Parole*, 11 AD3d 850, 852 [2004], *lv denied* 4 NY3d 704 [2005]; *Matter of Mingo v New York State Div. of Parole*, 244 AD2d at 782).

Rose, Lahtinen, Kane and Kavanagh, JJ., concur. Ordered that the judgment is affirmed, without costs.