■ In the Matter of HOWARD I. SMITH, Appellant, v NEW YORK STATE OFFICE OF THE ATTORNEY GENERAL, Respondent. [984 NYS2d 190]—

Peters, P.J. Appeal, by permission, from an order of the Supreme Court (Cahill, J.), entered January 22, 2013 in Albany County, which, in a proceeding pursuant to CPLR article 78,

partially granted petitioner's motion to compel respondent to comply with a prior order of the court.

The pertinent facts underlying this matter are fully set forth in a prior decision of this Court (110 AD3d 1201 [2013]). Briefly, petitioner filed a Freedom of Information Law (*see* Public Officers Law art 6 [hereinafter FOIL]) request seeking, as relevant here, all draft and/or internal correspondence and communications of respondent concerning its communications with the press regarding a civil enforcement action that it was in the midst of prosecuting against American International Group (hereinafter AIG), among others, for alleged fraudulent reinsurance transactions. Respondent denied the request in part, claiming that the vast majority of the documents were exempt from disclosure, among other grounds, as intra-agency deliberative materials pursuant to Public Officers Law § 87 (2) (g). Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding seeking disclosure of the requested documents. Finding that the withheld documents could in fact be exempt as intra-agency material, Supreme Court concluded that it was unable to make that determination on the record before it and ordered respondent to provide a log identifying the documents that it claimed were exempt. Following extensive proceedings and respondent's production of exemption and redaction logs, Supreme Court found that the challenged documents—with the exception of one not at issue on this appeal—contained opinions and advice exchanged as part of the agency's deliberative process concerning public relations and, as such, were properly withheld as intra-agency material. This appeal by petitioner ensued.

The intra-agency exemption applies to "opinions, ideas, or advice exchanged as part of the consultative or deliberative process of government decision making" (*Matter of Gould v New York City Police Dept.*, 89 NY2d 267, 277 [1996]; *see* Public Officers Law § 87 [2] [g]; *Matter of Russo v Nassau County Community Coll.*, 81 NY2d 690, 699 [1993]; *Matter of Xerox Corp. v Town of Webster*, 65 NY2d 131, 132 [1985]). The purpose of such exemption is "to protect the deliberative process of the government by ensuring that persons in an advisory role [will] be able to express their opinions freely to agency decision makers" (*Matter of Gould v New York City Police Dept.*, 89 NY2d at 276 [internal quotation marks and citations omitted]; *see Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d 477, 488 [2005]; *Matter of Miller v New York State Dept. of Transp.*, 58 AD3d 981, 984 [2009], *lv denied* 12 NY3d 712 [2009]). "While FOIL exemptions are to be narrowly read, they must of course

'be given their natural and obvious meaning where such interpretation is consistent with the legislative intent and with the general purpose and manifest policy underlying FOIL' " (*Matter of Hanig v State of N.Y. Dept. of Motor Vehs.*, 79 NY2d 106, 110 [1992], quoting *Matter of Federation of N.Y. State Rifle & Pistol Clubs v New York City Police Dept.*, 73 NY2d 92, 96 [1989]; *see Matter of Town of Waterford v New York State Dept. of Envtl. Conservation*, 77 AD3d 224, 228 [2010], *mod* 18 NY3d 652 [2012]).

The records at issue here consist of emails containing drafts of "Q & As" and press releases, revisions to drafts, and requests or offers of advice and opinion amongst respondent's employees regarding press conferences, television appearances, book interviews and other communications with the press concerning the ongoing AIG litigation that respondent is prosecuting. Petitioner does not dispute that such documents reflect internal deliberations of respondent. Rather, he contends that the documents must be disclosed because they pertain to communications with the press about decisions that respondent has already made—i.e., decisions surrounding the initiation of the AIG litigation—rather than predecisional information. Petitioner also argues that such deliberations are merely ministerial and relate to "routine operating decisions," to which the exemption does not apply. We are unpersuaded.

As petitioner correctly notes, the exemption for intra-agency material does not cover explanations of final agency decisions already made (*see Matter of Miracle Mile Assoc. v Yudelson*, 68 AD2d 176, 182 [1979], *lv denied* 48 NY2d 606 [1979], *lv denied* 48 NY2d 706 [1979]; *see also Matter of Ramahlo v Bruno*, 273 AD2d 521, 522 [2000], *lv denied* 95 NY2d 767 [2000]). Here, however, the documents in question—although relating to respondent's decision to commence the AIG litigation—consist of internal discussions on the entirely separate decision regarding what information to disclose to the public about the pending AIG litigation and how best to do so. As this exchange of advice, opinions and ideas was part of the deliberative process preceding respondent's final decisions concerning information disclosure, they are clearly "predecisional" in nature (*see Matter of Xerox Corp. v Town of Webster*, 65 NY2d at 133; *Matter of Miracle Mile Assoc. v Yudelson*, 68 AD2d at 183).

Contrary to petitioner's further contention, FOIL's exemption for intra-agency and inter-agency material does not distinguish between "routine operating decisions" and "important public policy." As asserted by petitioner, several cases interpreting the intra-agency exemption of the Federal Freedom

of Information Act (5 USC § 552),[1] which incorporates all civil discovery privileges, including the "deliberative process" privilege (*see NLRB v Sears, Roebuck & Co.*, 421 US 132, 149 [1975]), recognize such a distinction and conclude that the exemption protects only those deliberations regarding matters of important public policy (*see e.g. Fox News Network, LLC v United States Dept. of the Treasury*, 739 F Supp 2d 515, 541 [SD NY 2010]; *Schiller v City of New York*, 2007 WL 136149, *9-10, 2007 US Dist LEXIS 4285, *33 [SD NY 2007]; *New York Times Co. v United States Dept. of Defense*, 499 F Supp 2d 501, 514 [SDNY 2007]). Unlike the federal statute, however, FOIL's exemption for intra-agency material sets forth four specifically enumerated statutory exceptions that guide its interpretation and application—none of which pertains to the importance or significance of the agency decision at issue (*see* Public Officers Law § 87 [2] [g] [i]-[iv]). In the absence of any such express limitation, we decline to read one into the statutory exemption. Indeed, the Court of Appeals has rejected the argument that "the intra-agency exception shields from disclosure only formal, lengthy or profound policy discussions" (*Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d at 488; *see Matter of Tuck-It-Away Assoc., L.P. v Empire State Dev. Corp.*, 54 AD3d 154, 166 [2008], *affd* 13 NY3d 882 [2009]).[2] Moreover, public disclosure of materials reflecting the process by which respondent formulates its policy concerning statements to and interactions with the press regarding ongoing litigation would, in our view, have the precise effect of stifling open, honest and frank communication that the intra-agency exemption was designed to protect against (*see Matter of New York Times Co. v City of N.Y. Fire Dept.*, 4 NY3d at 488).

Thus, we find that the withheld documents at issue here fall within the scope of the exemption for "predecisional, nonfinal discussions and recommendations by employees within the agency used to assist the decision makers in formulating a determination" (*Matter of Bass Pro, Inc. v Megna*, 69 AD3d 1040, 1042 [2010]; *see Matter of Xerox Corp. v Town of Webster*, 65 NY2d at 132-133; *Matter of Stein v New York State Dept. of Transp.*, 25 AD3d 846, 847-848 [2006]). Accordingly, Supreme Court properly concluded that they are not subject to disclosure.

---

1. Exemption 5 of the Federal Freedom of Information Act provides that disclosure does not apply to communications that are "inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency" (5 USC § 552 [b] [5]).

2. In any event, we would be hard pressed to characterize respondent's decisions concerning how and what to communicate to the public and the media concerning ongoing litigation as "ministerial" or "routine."

Stein, McCarthy and Egan Jr., JJ., concur. Ordered that the order is affirmed, without costs.